Hufford W. RIFE, Petitioner,

v.

Jesse BROWN, Secretary of Veterans Affairs, Respondent.

No. 94–62.

United States Court of Veterans Appeals.

Sept. 21, 1994.

Order Dismissing Petition Jan. 12, 1995.

Before KRAMER, HOLDAWAY and STEINBERG, Judges.

## ORDER

PER CURIAM.

On December 30, 1992, the Court issued a single-judge memorandum decision in *Rife v. Principi*, No. 91–2065 (U.S.Vet.App.), which affirmed, in part, and vacated and remanded, in part, the Board of Veterans' Appeals (BVA) decision on appeal. On January 26, 1994, the petitioner, the appellant in *Rife, supra*, filed a petition for a writ of mandamus. The petitioner stated that, following the Court's remand, his claim for benefits was remanded by the BVA to a VA regional office (RO). He alleged that the VARO had ordered repeat examinations and had delayed acting upon his claims. He petitioned the Court to grant his claim and to order VA to pay him the claimed VA benefits.

On April 13, 1994, the Court, in a single-judge order, denied the petitioner's writ, and, inter alia (1) recalled the judgment and mandate entered subsequent to the issuance of the decision in *Rife, supra*, (2) amended the decision to include, inter alia, the imposition of a deadline on the BVA with respect to its rendering a final adjudication, and retention of jurisdiction by the Court, and (3) reentered judgment on the date of the order. On April 28, 1994, the Secretary moved to vacate the Court's April 13, 1994, order and also moved for panel review pursuant to Rule 35(b) of this Court's Rules of Practice and Procedure.

In an order of May 19, 1994, the Court, by single judge, revoked, sua sponte, the April 13, 1994, order and referred the matter to a panel of the Court. In this same order of

May 19, 1994, and in an order of May 26, 1994, the Court, by the panel, ordered supplemental briefing by the parties and any interested amicus curiae. Shortly before the parties' briefs were due, the BVA issued on July 19, 1994, a post-remand decision, granting service connection for the two conditions that were the subject of the matters remanded by the Court in *Rife, supra.*

■ The issuance of the post-remand BVA decision granting the benefits sought by the petitioner raises the question whether the petition for a writ of mandamus is now moot. Under Article III of the Constitution, a federal court has judicial power to adjudicate only actual, ongoing cases or controversies. *See Lewis v. Continental Bank Corp.,* 494 U.S. 472, 477, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990); *Waterhouse v. Principi,* 3 Vet.App. 473, 474–75 (1992). In *Mokal v. Derwinski,* 1 Vet.App. 12, 15 (1990), this Court adopted the jurisdictional restrictions of the Article III case or controversy rubric. Although both the counsel for the petitioner and the amicus curiae concede the fact that this matter is now technically moot, they urge that it is one which is "capable of repetition, yet evading review." Petitioner's brief at 23–25; Amicus Curiae brief at 1–2.

■ In the absence of a class action, two conditions must be satisfied in order to qualify under the "capable of repetition, yet evading review" exception to the mootness doctrine: "(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again." *Weinstein v. Bradford,* 423 U.S. 147, 149, 96 S.Ct. 347, 348–49, 46 L.Ed.2d 350 (1975) (per curiam) (citing *Sosna v. Iowa,* 419 U.S. 393, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975)). Alternatively, as to the second condition, the petitioner must show "the existence of an immediate governmental action or policy that has adversely affected and continues to affect a present interest." *Super Tire Engineering Co. v. McCorkle,* 416 U.S. 115, 125–26, 94 S.Ct. 1694, 1699–1700, 40 L.Ed.2d 1 (1974). Even assuming arguendo that the first condition of the exception (evading review) were satisfied, it is difficult

to see how the second requirement could also be satisfied. The contention by the petitioner's counsel that, "Mr. Rife may suffer additional delay in the processing of this claim or in future efforts to reopen, which may be necessary," Petitioner's brief at 23, is merely conjectural and seems to raise no more than a possibility, not a "reasonable expectation," that the petitioner will be subjected to the same action again. *See Lewis,* 494 U.S. at 481, 110 S.Ct. at 1255–56; *Weinstein,* 423 U.S. at 149, 96 S.Ct. at 348–49; *Cambridge Lee Industries, Inc. v. United States,* 916 F.2d 1578, 1581–82 (Fed.Cir.1990). In addition, since the petitioner has been awarded service connection for the two conditions in question, it is not possible that any further delays will be experienced with respect to the BVA's award of service connection. Moreover, there has been no showing that proper processing will not occur with respect to the RO awarding a rating to the petitioner for each of his now service-connected conditions or with respect to any appeal from such RO determinations. Finally, there has been no showing that the petitioner has any other pending claims or is experiencing any improper processing with respect to any such claims.

Upon consideration of the foregoing, it is

ORDERED that, within 30 days after the date of this order, the petitioner show cause why his petition for a writ of mandamus should not be dismissed as moot. The Secretary shall file a response within 30 days after service of the petitioner's reply to this order.

### ORDER DISMISSING PETITION

PER CURIAM.

On July 25, 1994, both parties and the Paralyzed Veterans of America as amicus curiae filed briefs in this matter. On September 21, 1994, 7 Vet.App. 340, the Court ordered the petitioner to show cause why his petition for a writ of mandamus should not be dismissed as moot and ordered the Secretary to file a response after service of the petitioner's reply. On October 21, 1994, the petitioner filed his reply, and on November 25, 1994, the Secretary filed his response.

Upon consideration of the foregoing, it is

**342**

ORDERED that the petition for a writ of mandamus is DISMISSED as moot.