**Domingo M. YOMA, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

No. 94–474.

United States Court of Veterans Appeals.

Nov. 1, 1995.

Before NEBEKER, Chief Judge, and MANKIN and IVERS, Judges.

---

## ORDER

PER CURIAM.

On August 10, 1995, the Secretary filed a motion to vacate the Board of Veterans' Appeals (BVA) decision, dismiss the appeal, and to stay proceedings because the appellant, Domingo M. Yoma, died on July 5, 1995. On September 6, 1995, the appellant's widow, Mrs. Virginia C. Yoma, filed a motion to continue proceedings in her husband's appeal.

The Court held in *Landicho v. Brown,* 7 Vet.App. 42, 44 (1994), that substitution is not permissible in this Court where the appellant is a veteran who dies while the denial by the BVA of the veteran's claim for disability compensation under chapter 11 of title 38, U.S.Code, is pending here on appeal. Under such circumstances, the Court held that the appropriate remedy is to vacate the BVA decision from which the appeal was taken (and cause the underlying regional office (RO) decision to be vacated as well) and to dismiss the appeal. *Id.,* 7 Vet.App. at 54. This is done to ensure that the BVA decision and the underlying RO decision will have no preclusive effect in the adjudication of any accrued-benefits claims derived from the veteran's entitlements. *Id.*

On consideration of the foregoing, it is

ORDERED that the May 12, 1994, BVA decision is vacated. This decision of the Court vacating the BVA decision has the legal effect of nullifying the previous merits adjudication by the RO because this decision was subsumed in the BVA decision. *Robinette v. Brown,* 8 Vet.App. 69, 80 (1995). Consequently, any subsequent claim by a survivor will be subject to de novo adjudication of any survivor's claims. It is further

ORDERED that this appeal is DISMISSED.