**William H. HUDGINS, Appellant,**

**v.**

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

No. 93–1153.

United States Court of Veterans Appeals.

Dec. 11, 1995.

Before FARLEY, MANKIN, and STEINBERG, Judges.

## ORDER

PER CURIAM.

In November 1993, the appellant, veteran William H. Hudgins, filed a Notice of Appeal from a September 10, 1993, Board of Veterans' Appeals (BVA or Board) decision denying (1) service connection for hearing loss of the right ear, a headache disorder, and a disability manifested by loss of balance and a respiratory disorder; (2) an increased (compensable) rating for hearing loss of the left ear with scarring of the tympanic membrane; and (3) an increased rating for tinnitus, currently evaluated as 10% disabling. Record (R.) at 4–12.

After both parties had filed briefs and the matter had been submitted to a panel, the Secretary, on August 8, 1995, filed a motion to dismiss the appeal for lack of jurisdiction under *Landicho v. Brown*, 7 Vet.App. 42 (1994), and to stay further proceedings, on the basis of the appellant's death in May 1995. On August 10, 1995, a motion was filed by counsel for the deceased appellant to stay further proceedings until October 10, 1995, in light of the appellant's death and of his family's wish to "continue his claim". The Court issued an order granting a stay of this case until October 10, 1995. Subsequently, in October 1995, the appellant's counsel filed a motion to substitute the surviving spouse of the appellant as a party "to complete the appeal" and also filed an opposition to the Secretary's motion to dismiss. For the reasons that follow, the Court will grant the Secretary's motion and dismiss the appeal as moot.

In *Landicho*, the Court held that it lacked jurisdiction to allow the substitution of a party for a veteran who died while his or her appeal of a BVA-disallowed claim for disability compensation under chapter 11 of title 38, U.S.Code, was pending here on appeal, and dismissed the appeal because it had become moot by virtue of the death of the veteran appellant. *Landicho*, 7 Vet.App. at 44, 54. The Court held that the appropriate remedy under the circumstances is to vacate the BVA decision from which the appeal was taken (and cause the underlying regional office (RO) decision(s) to be vacated as well) and to dismiss the appeal. *Landicho*, 7 Vet.

App. at 54. This was done to ensure that the BVA decision and the underlying RO decision(s) would have no preclusive effect in the adjudication of any accrued-benefits claims derived from the veteran's entitlement. *Ibid.; but cf. Yoma v. Brown*, 8 Vet.App. 298 (1995) (per curiam order) (applying *Landicho*, dismissing appeal, and vacating Board decision but not directing that Board vacate RO decision).

■ In opposing the Secretary's motion to dismiss, the appellant's counsel contends, relying on *Karnas v. Derwinski*, 1 Vet.App. 308, 312–13 (1991), that the Court's decision in *Landicho* and the amended Rule 43 of the Court's Rules of Practice and Procedure do not apply to this appeal because the appeal was pending at the Court at the time that decision was issued. In *Karnas*, the Court held that "where the law or regulation changes after a claim has been filed or reopened but before the administrative or judicial appeal process has been concluded, the version most favorable to appellant should ... apply unless Congress provided otherwise or permitted the Secretary ... to do otherwise and the Secretary did so". *Karnas*, 1 Vet.App. at 312–13. In *Camphor v. Brown*, the Court indicated that the rule announced in *Karnas* was applicable to changes in law brought about by opinions of this Court. *Camphor*, 5 Vet.App. 514, 518 (1993). As the appellant's counsel points out, the law as to whether a party may be substituted changed in September 1994 with the issuance of the Court's opinion in *Landicho* while this case was on appeal. The Board made its decision in the present case in September 1993.

■ Although the Board decision in the present case was issued prior to *Landicho*, the Court's jurisdictional holding in *Landicho* must be applied retroactively to cases pending on appeal in this Court. *See Hamilton v. Brown*, 4 Vet.App. 528, 539 (1993) (en banc) (applying new jurisdictional rule to three cases pending before it), *aff'd*, 39 F.3d 1574 (Fed.Cir.1994); *see also Johnson (Anne B.) v. Brown*, 7 Vet.App. 25, 26 (1994) (per curiam order) (discussing language in *Hamilton, supra*, as to retroactive application of

changes in law and dismissing appeal for lack of jurisdiction). A "court lacks discretion to consider the merits of a case over which it is without jurisdiction, and thus, by definition, a jurisdictional ruling may never be prospective only". *Hamilton,* 4 Vet.App. at 539 (quoting *Firestone Tire & Rubber Co. v. Risjord,* 449 U.S. 368, 379–80, 101 S.Ct. 669, 676, 66 L.Ed.2d 571 (1981)); *see also UNR Industries, Inc. v. United States,* 962 F.2d 1013, 1025 (Fed.Cir.1992).

The appellant's counsel also argues that *Landicho* "is at odds with the overall statutory scheme and the policies behind veterans benefits as well as the purpose of this Court." Response (Resp.) at 2. The Court disagrees. In *Landicho,* the Court considered the statutory scheme and the specific provisions in chapters 11, 13, and 51 of title 38, U.S.Code, in concluding that such scheme "creates a chapter 11 disability compensation benefit that does not survive the eligible veteran's death." *Landicho,* 7 Vet.App. at 47. The Court also considered the nature of (and the issues involved in) an accrued-benefits claim and of a veteran's underlying disability-compensation claim as well as the function of this Court not as an initial trier of facts but as a reviewer of fact determinations made by the Board. *Id.* at 48. The Court is not persuaded by the arguments of the appellant's counsel proposing the overruling of *Landicho.*

■ The appellant's counsel contends that the question whether the appellant's emphysema was service connected is an issue capable of repetition yet evading review and that the case is thus, contrary to the holding of *Landicho,* not moot. Counsel asserts that "it is highly likely that many ... veterans needing to appeal denial of service connection for emphysema will not live to obtain a decision on appeal". Resp. at 7. In the absence of a class action (*see Lefkowitz v. Derwinski,* 1 Vet.App. 439, 440 (1991) (en banc order) (denying petition to establish a class action procedure in this Court)), two conditions must be satisfied in order to qualify under the "capable of repetition, yet evading review" exception to the mootness doctrine: "(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a rea-

sonable expectation that the same complaining party would be subjected to the same action again." *Rife v. Brown,* 7 Vet.App. 340, 341 (1994) (quoting *Weinstein v. Bradford,* 423 U.S. 147, 149, 96 S.Ct. 347, 349, 46 L.Ed.2d 350 (1975) (per curiam)). "Alternatively, as to the second condition, the petitioner must show 'the existence of an immediate governmental action or policy that has adversely affected and continues to affect a present interest.'" *Rife,* 7 Vet.App. at 341 (quoting *Super Tire Engineering Co. v. McCorkle,* 416 U.S. 115, 125–26, 94 S.Ct. 1694, 1700, 40 L.Ed.2d 1 (1974)).

■ As to the first requirement (that VA's denial of a claim for service connection for emphysema will evade review due to time restraints), there has been no showing that proper processing will not occur with respect to an RO's decision on a claim for service connection for emphysema or with respect to any appeal from such RO determinations. Also, there has been no showing that everyone—or, indeed, most everyone—who in the future is denied service connection for emphysema will be so short-lived as to die before having their case heard by this Court. Hence, the contention by the appellant's counsel that, in essence, future veterans may suffer a 5–year delay in the processing of this type of claim and that they will die before the claim is heard by the Court is mere conjecture that raises no more than a possibility that another claimant will be subjected to the same delay experienced by this veteran and thus will not have his or her claim heard by this Court. *Rife, supra; see Lewis v. Continental Bank Corp.,* 494 U.S. 472, 481, 110 S.Ct. 1249, 1255, 108 L.Ed.2d 400 (1990); *Weinstein,* 423 U.S. at 149, 96 S.Ct. at 348–49; *Cambridge Lee Industries, Inc. v. United States,* 916 F.2d 1578, 1581–82 (Fed.Cir. 1990). Accordingly, the Court is not convinced that a denial of VA benefits for emphysema in the future will evade review in this Court in the course of a case or controversy as contemplated by Article III of the U.S. Constitution.

■ Even assuming arguendo that the first requirement for the application of the exception (evading review) were satisfied in this case, it is difficult to see how either of

the two alternatives for the second requirement could be satisfied. The first alternative requires that the "same complaining party would be subjected to the same action again". *Rife, supra.* In light of the death of the appellant, it is clear that he will not again be subjected to the alleged conduct—delay in the adjudication of a claim for service connection for emphysema. *See Heles v. State of South Dakota,* 682 F.2d 201, 202 (8th Cir.1982) (remanding appeal to district court with directions to dismiss complaint as moot based on plaintiff's death and holding that "capable of repetition, but evading review" exception to rule of mootness was unavailing because the issue before the court, "though it will recur in someone's case, will not again arise with respect to [the plaintiff]"); *see also Weinstein,* 423 U.S. at 148, 96 S.Ct. at 348–49 (holding that second requirement not met where there was no demonstrated probability that respondent would again be among those who are subject to jurisdiction of parole system).

■ As to the second alternative, the Supreme Court in *Weinstein* concluded that the litigant who challenged the "government action or policy" in question must have a "present interest affected by that policy." *Weinstein,* 423 U.S. at 148, 96 S.Ct. at 348. In so concluding, *Weinstein* noted that the posture of the parties in the case before it and in *Super Tire, supra,* were "quite different"; whereas the petitioner employer in *Super Tire* had continued to be adversely affected by the respondent state official's adherence to a policy of paying unemployment compensation benefits to strikers despite termination of the particular strike that had occasioned the lawsuit, the respondent in *Weinstein,* who had challenged a particular parole board's policy of denying him certain procedural rights in considering his eligibility for parole and had subsequently obtained parole and then a complete release from supervision, "no longer has any present interest affected by that policy". *Weinstein, supra.* It is unclear to the Court how the deceased appellant has a present interest in the adjudication of claims by other claimants for chapter 11 benefits.

In view of the appellant's death, there is no longer a present, live controversy before the Court. Because no decision by this Court could have an impact on the deceased appellant and the circumstances of this appeal do not fall within any well-recognized exception to the mootness doctrine, the Court will dismiss the appeal in accordance with *Landicho* for the reasons set forth above.

On consideration of the foregoing, it is

ORDERED that the September 10, 1993, BVA decision is VACATED. This decision of the Court vacating the BVA decision has the legal effect of nullifying the underlying merits adjudication by the RO because this decision was subsumed in the BVA decision which the Court is vacating. *See Yoma, supra* (relying on *Robinette v. Brown,* 8 Vet. App. 69, 80 (1995)). Consequently, under *Landicho, supra,* any accrued-benefits claim by a survivor will have the same character (original claim or claim to reopen) as the claim that the veteran was pursuing at the time of his or her death, and the adjudication of that accrued-benefits claim will not be affected by the BVA or RO decisions that are being nullified by the Court's instant order vacating the BVA decision. It is further

ORDERED that this appeal is DISMISSED for lack of jurisdiction.