**Samuel L. LEWIN, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

**No. 95–253.**

United States Court of Veterans Appeals.

July 11, 1996.

Before NEBEKER, Chief Judge, and IVERS and STEINBERG, Judges.

### ORDER

PER CURIAM.

On April 4, 1996, the Court issued an order that affirmed the decision of the Board of Veterans' Appeals (BVA), in part, and vacated the decision with respect to the appellant's claim for pulmonary disease, including asbestosis, and remanded that claim to the BVA. On April 25, 1996, the Secretary filed a motion for reconsideration and for panel review. On consideration of the foregoing and the record on appeal, it is by the single judge

ORDERED that the Secretary's motion for reconsideration is denied. It is by the panel

ORDERED that the Secretary's motion for review by a panel is denied.

STEINBERG, Judge, dissenting.

I voted to grant the Secretary's motion for panel review of the single-judge dispositive order. It is clear that the Court may consider extra-record material in resolving jurisdictional questions. *See, e.g., Hudgins v. Brown,* 8 Vet.App. 365, 366–68 (per curiam order Dec. 11, 1995) (extra-record material considered on issue of mootness). I don't believe it is permissible, however, for the Court to consider extra-record material in deciding the merits of an appeal; such consideration here results in the Court's remand for readjudication of a claim. In any event, there is no precedent for such augmentation by this Court of the record before the Board, and disposition by a single judge is thus not in accord with the Court's criteria for such summary dispositions. *See Frankel v. Derwinski,* 1 Vet.App. 23, 25–26 (1990) (setting forth criteria for cases suitable for summary disposition, including not establishing "a new rule of law" and not involving an "outcome [that] is reasonably debatable").

In a case where a party, or the Court, sua sponte, raises the issue of mootness, the Court should adjudicate that issue. If the Court determines that the issue on appeal is moot, then the Court lacks jurisdiction to consider the appeal further. *See Aronson v. Brown,* 7 Vet.App. 153, 155 (1994); *id.* at 159 (Steinberg, J., concurring). If the issue on appeal is not moot, then the Court should decide the appeal of the Board of Veterans' Appeals (BVA or Board) decision before it for review, considering only material of record at the time the BVA decision was made. *See* 38 U.S.C. § 7252(b) ("Review in the Court shall be on the record of proceedings before the Secretary and the Board."); *see also Bell v. Derwinski,* 2 Vet.App. 611, 612–13 (1992) (per curiam order) (where docu-

ments were within Secretary's control and could reasonably have been expected to be part of record, such documents are, in contemplation of law, before Secretary and Board and should be included in record). A decision by the Court to return the claim to the BVA for readjudication, as in the underlying order, because the extra-record material suggests that there may be "pyramiding" as to the ratings sought is tantamount to an improper delegation to the BVA of this Court's responsibility to determine if the issue before it on appeal is moot.

Accordingly, I believe that the Court should revoke the April 4, 1996, order and ask the parties to brief the issue of mootness.