ORDER
PER CURIAM.
This is an appeal from the October 16, 1995, Board of Veterans’ Appeals (BVA or Board) decision which denied the appellant’s request for a waiver of recovery of overpayment of his non-service-connected disability pension. The Secretary has filed a motion to vacate the Board decision and to dismiss the appeal because the appellant, Virgil L. Pen-ton, died on February 27,1996.
In support of the motion, the Secretary urges that the underlying principle of Landicho v. Brown, 7 Vet.App. 42, 44 (1994), applies here, even though this case involves waiver of recovery of overpayment, rather than (as Landicho did) benefits under chapter 11 of title 38, U.S.Code. In Landicho, the Court held that substitution is not permissible in this Court where the appellant is a veteran who dies while the denial by the BVA of the veteran’s claim for disability compensation under chapter 11 of title 38, U.S.Code, is pending here on appeal. The Court held that under such circumstances the appropriate remedy is to vacate the BVA decision from which the appeal was taken and to dismiss the appeal. See Landicho, 7 Vet.App. at 54.
Here, the Secretary points out, if VA decided to pursue a claim against a veteran’s estate, a spouse, parent, sibling, or representative of the estate could request a waiver pursuant to 38 C.F.R. § 1.965 (1995). The application of, and the weighing of, criteria for such a waiver upon application by any of these individuals would be based on facts *369 different from those relevant to the waiver request by the now-deceased veteran. In any event, the Secretary states, the claim against the veteran became moot upon his death.
On consideration of the foregoing, it is
ORDERED that the October 16, 1995, BYA decision is VACATED. This decision of the Court vacating the BVA decision has the legal effect of nullifying the previous merits adjudication by the RO because this decision was subsumed in the BVA decision. See Yoma v. Brown, 8 Vet.App. 298 (1995) (relying on Robinette v. Brown, 8 Vet.App. 69, 80 (1995)). It is further
ORDERED that this appeal is DISMISSED for lack of jurisdiction.