**Gustavo A. JIMENEZ, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

**No. 94–851.**

United States Court of Veterans Appeals.

Oct. 10, 1996.

Before KRAMER, FARLEY, and STEINBERG, Judges.

**ORDER**

PER CURIAM.

On September 28, 1994, the appellant filed a notice of appeal from a December 14, 1992, decision of the Board of Veterans' Appeals (Board or BVA). On September 20, 1996, the Secretary informed the Court of the appellant's death and filed a copy of the death certificate.

The Court held in *Landicho v. Brown* that substitution of an appellant is not permissible in this Court where the appellant is a veteran who dies while the denial by the BVA of the veteran's claim for disability compensation under chapter 11 of title 38, U.S.Code, is pending here on appeal. *Landicho,* 7 Vet. App. 42, 44 (1994). The Court held that the appropriate remedy under such circumstances is to vacate the BVA decision from which the appeal was taken (and cause the underlying regional office (RO) decision(s) to be vacated as well) and to dismiss the appeal. *Id.* at 54. This is done to ensure that the BVA decision and the underlying RO decision(s) will have no preclusive effect in the adjudication of any accrued-benefits claims derived from the veteran's entitlements. *Ibid.* Because this appeal has become moot by virtue of the death of the veteran appellant, the appeal will be dismissed. *See Landicho,* 7 Vet.App. at 53–54.

On consideration of the foregoing, it is

ORDERED that the December 14, 1992, Board decision is VACATED. This decision of the Court vacating the Board decision has the legal effect of nullifying the previous merits adjudication by the RO because this decision was subsumed in the BVA decision. *See Yoma v. Brown,* 8 Vet.App. 298 (1995) (relying on *Robinette v. Brown,* 8 Vet.App. 69, 80 (1995)); *see also Hudgins v. Brown,* 8 Vet.App. 365, 368 (1995) (per curiam order) (accrued-benefits claim by survivor will have same character as claim veteran was pursuing at time of death, and adjudication of that accrued-benefits claim not affected by BVA or RO decision nullified by Court's order vacating BVA decision). It is further

ORDERED that this appeal is DISMISSED for lack of jurisdiction.