Phillip GREGORY, Appellant,

v.

Jesse BROWN, Secretary of Veterans Affairs, Appellee.

No. 94–54.

United States Court of Veterans Appeals.

Jan. 17, 1997.

---

Before MANKIN,* IVERS, and STEINBERG, Judges.

## ORDER

PER CURIAM.

On March 8, 1996, the Court, unaware of the appellant's death, affirmed in part, and vacated in part, the September 24, 1993, Board of Veterans' Appeals (BVA or Board) decision on appeal. *Gregory v. Brown,* 8 Vet.App. 563 (1996). On September 25, 1996, the appellant's counsel and the Secretary filed a joint motion to dismiss the appellant's application for an award of attorney fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (EAJA), since the appellant's counsel and the Secretary had agreed on an amount of attorney fees. The Court granted that motion and dismissed the EAJA application on September 26, 1996. On October 17, 1996, counsel for the Secretary filed a motion to withdraw the Court's opinion of March 8, 1996, to recall judgment and mandate, to dismiss the appeal, to revoke the order of September 26, 1996, and to deny the EAJA application as moot. The Secretary indicated, as grounds for the motion, that the appellant had died on August 29, 1995. Counsel for the appellant acknowledges that the Court has no jurisdiction over the appellant's claim.

* Judge Mankin died after the decision on this appeal but before the Secretary's motion of October ber 17, 1996.

The Court held in *Landicho v. Brown* that it lacked jurisdiction to allow substitution of a party for a veteran who dies while the denial by the BVA of the veteran's claim for disability compensation under chapter 11 of title 38, U.S.Code, is pending here on appeal. *Landicho,* 7 Vet.App. 42, 44 (1994). The U.S. Court of Appeals for the Federal Circuit has recently expressed its approval of this Court's *Landicho* holding. *Zevalkink v. Brown,* 102 F.3d 1236, 1243–44 (Fed.Cir. 1996) (consolidated with *Hesse v. Brown,* No. 95–7012). The appropriate remedy under such circumstances is to vacate the BVA decision from which the appeal was taken (and cause the underlying regional office (RO) decision(s) to be vacated as well) and to dismiss the appeal. *Id.* at 54. In *Yoma v. Brown,* relying on *Robinette v. Brown,* 8 Vet.App. 69, 80 (1995), the Court concluded that vacating the BVA decision from which the appeal was taken "has the legal effect of nullifying the previous merits adjudication by the RO because this decision was subsumed in the BVA decision". *Yoma,* 8 Vet.App. 298 (1995) (per curiam order); *see also Hudgins v. Brown,* 8 Vet.App. 365, 368 (1995) (per curiam order) (accrued-benefits claim by survivor will have same character as claim veteran was pursuing at time of death, and adjudication of that accrued-benefits claim not affected by BVA or RO decisions nullified by Court's order vacating BVA decision).

On consideration of the foregoing, it is

ORDERED that judgment and mandate are recalled and the Court's March 8, 1996, opinion is withdrawn; the Court's September 26, 1996, order is revoked, the appeal is dismissed for lack of jurisdiction, and the EAJA application is denied as moot. *See Keel v. Brown,* 9 Vet.App. 124 (1996) (per curiam order) (withdrawing opinion, recalling judgment and mandate, and dismissing appeal, pursuant to *Landicho,* where veteran died prior to issuance of Court's opinion and Court was unaware of veteran's death at time of issuance). It is further

ORDERED that the September 24, 1993, Board decision is VACATED.