**Annie L. JOHNSON, Appellant,**

v.

**Togo D. WEST, Jr., Secretary of Veterans Affairs, Appellee.**

**No. 96–587.**

United States Court of Veterans Appeals.

May 22, 1998.

Annie L. Johnson, pro se.

Mary Lou Keener, General Counsel; Ron Garvin, Assistant General Counsel; R. Randall Campbell, Deputy Assistant General Counsel; and Patrick J. Lamoure, Washington, DC, were on brief for the appellee.

Before NEBEKER, Chief Judge, and FARLEY and IVERS, Judges.

NEBEKER, Chief Judge:

The appellant, Annie L. Johnson, widow of deceased veteran Sam Johnson, appeals from an April 4, 1996, Board of Veterans' Appeals (BVA or Board) decision determining that she had not submitted new and material evidence to reopen the veteran's claim for service connection for pes planus, "for accrued benefits purposes." On November 7, 1997, this Court ordered the Secretary to submit a supplemental memorandum addressing whether the appellant's January 1994 letter, in combination with her May 1994 application for DIC, death pension, and accrued benefits, can be a valid· Notice of Disagreement (NOD) for the appellant's claims not yet acted upon by the regional office (RO). For the reasons that follow, this Court will vacate the BVA decision and dismiss the appeal.

## I. FACTS

The relevant facts in this case are procedural. On April 7, 1993, the RO determined that the veteran had not submitted new and material evidence to reopen his claim for service connection for flat feet. Record (R.) at 243. The RO informed the veteran of its decision in a letter dated May 12, 1993. R. at 245. On May 14, 1993, the veteran died. R. at 257. The appellant submitted a letter to the RO on January 25, 1994, in which she disputed the April 7, 1993, RO decision. R. at 269–76. In a letter dated April 12, 1994, the RO stated that it would consider the appellant's January 1994 letter as an NOD if she completed an application for Dependency and Indemnity Compensation (DIC), death pension, and accrued benefits. R. at 278–79. The appellant sent the application to the RO in May 1994. R. at 281–84.

On June 6, 1994, the RO rejected the appellant's claim for "death benefits" and pension; there was no mention of an accrued benefits claim. R. at 286. The RO received a letter from the appellant on June 13, 1994, in which she stated that she had completed her application for benefits and requested that her January 25, 1994, letter be considered an NOD. R. at 289–90. On June 15, 1994, the RO acknowledged receiving the May 1994 application for benefits and accepted the form as an NOD. R. at 292. On June 24, 1994, the RO issued the Statement of the Case (SOC) in which the RO stated that the May 1994 application for benefits combined with the appellant's January 1994 letter "was accepted as a[n][NOD] per the Acting Di-

rector." R. at 297. The SOC does not refer to the June 6, 1994, RO letter rejecting the appellant's claim for "death benefits." Further, the SOC does not identify the issue as the appellant's claim for accrued benefits, but rather as the deceased veteran's attempt to reopen his claim for service connection for flat feet. R. at 296. The BVA decision recharacterized the issue as new and material evidence to reopen the veteran's service connection claim "for accrued benefits purposes." However, the Board's discussion does not mention an accrued benefits claim and only addresses whether the deceased veteran had submitted new and material evidence.

## II. ANALYSIS

### A. Jurisdiction

■ The record is clear that the veteran died long before the BVA could address the RO's April 1993 denial of his request to reopen his claim for service connection for flat feet. It is well established that veterans' claims under Chapter 11 do not survive the death of the claimant. *E.g., Landicho v. Brown,* 7 Vet.App. 42, 47 (1994). Because the veteran's death abated his disability-compensation claim, this Court would be without jurisdiction to decide the merits of that claim even if the veteran had submitted new and material evidence to reopen that claim. *See Smith v. Brown,* 10 Vet.App. 330, 333 (1997); *Landicho,* 7 Vet.App. at 47–48, 53–54. Although the BVA termed the issue as entitlement to service connection "for accrued benefits purposes," the BVA decision actually reviewed the RO's April 1993 denial of the veteran's request to reopen his claim. Because the veteran's death abated his disability compensation claim, it was error by the BVA to have exercised jurisdiction over the appellant's disagreement with the April 1993 RO decision. *Cf. Smith,* 10 Vet.App. at 334 (BVA ruling on appeal of deceased claimant constitutes erroneous assertion of jurisdiction). Therefore, the Court holds that neither this Court has, nor could the BVA have had, jurisdiction over the appeal of the RO's 1993 denial of the deceased veteran's request to reopen his disability compensation claim.

■ The Court also does not have jurisdiction over the issue of service connection for the veteran's flat feet condition despite the BVA's phrasing of the service connection issue on appeal as "for accrued benefits purposes." Although accrued benefits claims are derivative of veteran's claims for service connection, they are separate claims. *Zevalkink v. Brown,* 102 F.3d 1236, 1241 (Fed. Cir.1996). There is no dispute that the appellant did not file an accrued benefits claim until May 1994, and VA has not yet adjudicated an accrued benefits claim. Without an initial adjudication to which the claimant files an NOD, this Court lacks jurisdiction over the appellant's potential accrued benefits claim along with the underlying issue of service connection for the veteran's flat feet. *See Smith,* 10 Vet.App. at 332; *Landicho,* 7 Vet.App. at 47–48; *see also Ledford v. West,* 136 F.3d 776, 778–80 (Fed.Cir.1998) (Court's jurisdiction requires RO decision, NOD, and BVA decision on a claim); 38 U.S.C. § 7252(b).

### B. The April 1993 RO Decision

■ When this Court and the BVA lack jurisdiction over an appeal of a deceased claimant because the claimant has died during the pendency of the appeal, this Court has vacated the BVA decision because that decision, along with any subsumed RO decisions, has been rendered moot by the veterans' death. *See Smith,* 10 Vet.App. at 334; *Yoma v. Brown,* 8 Vet.App. 298, 299 (1995); *Landicho,* 7 Vet.App. at 47–48, 53–54. However, this case raises an issue not squarely addressed by those cases because here, unlike *Smith, Yoma,* and *Landicho,* the veteran died before he could file an NOD. The Court holds that since the veteran's death abated his disability compensation claim, no NOD could have been filed after the veteran's death with respect to any adjudication of such a claim. *Cf.* 38 U.S.C. §§ 7104(a), 7105(a) (purpose of NOD is to initiate BVA appellate review); *Smith,* 10 Vet.App. at 334 (BVA does not have jurisdiction over appeal when claimant dies during the appeals process); *Landicho,* 7 Vet.App. at 52 (BVA decision in deceased veteran's disability compensation claim did not have adjudicatory purpose). Thus, whatever effect is to be

given to the appellant's January 1994 letter and subsequent May 1994 application for accrued benefits, those writings do not constitute an NOD as to the April 1993 RO decision. Consequently, because no NOD had ever been filed with respect to the April 1993 RO decision, that RO decision could not have been subsumed into the 1996 BVA decision. *Cf. Yoma,* 8 Vet.App. at 299; *Robinette v. Brown,* 8 Vet.App. 69, 80 (1995); *Landicho,* 7 Vet.App. at 52 (underlying RO decision appealed to BVA subsumed into that BVA decision) (citations omitted); 38 C.F.R. § 20.1104 (1997).

### III. CONCLUSION

The April 4, 1996, BVA decision is VACATED and the appeal is DISMISSED.