Monang KAWAD, Appellant

v.

Togo D. WEST, Jr., Secretary of
Veterans Affairs, Appellee.

No. 95–445.

United States Court of Veterans Appeals.

June 16, 1998.

Before FARLEY, STEINBERG, and GREENE, Judges.

## ORDER

PER CURIAM:

By a July 23, 1997, order this Court vacated the March 23, 1995, Board of Veterans' Appeals (Board or BVA) decision on appeal and remanded the matter for expeditious further development and readjudication. The Court issued its mandate on October 14, 1997. On the same date, the Court received an application for an award of attorney fees and expenses pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), the merits of which are presently pending before the Court.

On May 28, 1998, counsel for the appellant filed a notice of the appellant's death; counsel explains that he has only just been informed by the appellant's wife that the appellant had died on May 11, 1997, prior to the Court's remand order. Attached to the notice was the appellant's death certificate.

■ The Court held in *Landicho v. Brown*, 7 Vet.App. 42, 46–49 (1994), that substitution by a party claiming accrued benefits under 38 U.S.C. § 5121(a) is not permissible in this Court where the appellant is a veteran who dies while the denial by the Board of the veteran's claim for disability compensation under chapter 11 of title 38, U.S.Code, is "pending" here on appeal. *See Zevalkink v. Brown*, 102 F.3d 1236, 1243–44 (Fed.Cir.1996) (expressly agreeing with this

Court's *Landicho* holding). Under such circumstances, the Court held that the appropriate remedy is to vacate the BVA decision from which the appeal was taken and to dismiss the appeal. *Landicho,* 7 Vet.App. at 54. This is done to ensure that the Board decision and the underlying Department of Veterans Affairs (VA) regional office (RO) decision will have no preclusive effect in the adjudication of any accrued-benefits claims, under 38 U.S.C. § 5121, derived from the veteran's entitlements. *Ibid.* In such a case, because the appeal has become moot by virtue of the veteran appellant's death, the Court's judgment and mandate are recalled and the appeal is dismissed. *See id.* at 53–54; *see also Taylor v. West,* 11 Vet.App. 206, 207–08 (1998) (per curiam order) (recalling judgment and mandate and dismissing appeal where veteran had died after issuance of decision but one day prior to entry of judgment); *Keel v. Brown,* 9 Vet.App. 124, 124 (1996) (per curiam order) (relying upon *Landicho, supra,* and recalling judgment and mandate as to decision issued after appellant had died). The decision of the Court vacating the Board decision has the legal effect of nullifying the previous merits adjudication by the VARO because that decision was subsumed in the Board decision. *See Yoma v. Brown,* 8 Vet.App. 298 (1995) (per curiam order) (relying on *Robinette v. Brown,* 8 Vet.App. 69, 80 (1995)); *see also Hudgins v. Brown,* 8 Vet.App. 365, 368 (1995) (per curiam order) (accrued-benefits claim by survivor under 38 U.S.C. § 5121 will have same character as claim veteran was pursuing at time of death, and adjudication of that accrued-benefits claim not affected by Board or RO decision nullified by Court's order vacating Board decision).

■ In *Keel, supra,* the Court had issued a decision vacating a Board decision and remanding the case, without knowledge of the appellant's death, and counsel for the appellant had filed an EAJA application. When counsel for the appellant in *Keel* learned of the appellant's death, counsel made a voluntary withdrawal of the EAJA application, which withdrawal the Court "duly noted" in the course of withdrawal of judgment and mandate and vacatur of the Board decision. *Ibid.* The instant case differs from *Keel* only insofar as counsel for the appellant here has not specifically withdrawn the EAJA application but, expressing uncertainty as to the application of *Landicho,* moves that the Court "take whatever action is appropriate under such circumstances", Notice at 2. The Court concludes that this is a difference without substantive import. In order to be eligible for an award of EAJA fees and expenses, an appellant must be a "prevailing party". 28 U.S.C. § 2412(d)(1)(A). Upon recall of the judgment and mandate and withdrawal of the Court's July 23, 1997, order, there is no longer a decision of this Court in which the appellant could be said to have been a prevailing party. *Cf. Cohen v. Brown,* 8 Vet. App. 5, 7 (1995) (per curiam order) ("Court holds that the death of the appellant is not a jurisdictional bar to its consideration of an otherwise proper EAJA application, *where the appellant had prevailed on the merits of the benefits claim prior to his death* ") (emphasis added).

On consideration of the foregoing, it is

ORDERED that the judgment and mandate in this appeal are recalled. It is further

ORDERED that the Court's July 23, 1997, order is withdrawn. It is further

ORDERED that the March 23, 1995, Board decision is VACATED. It is further

ORDERED that this appeal is DISMISSED for lack of jurisdiction. It is further

ORDERED that the appellant's EAJA application is DISMISSED for lack of jurisdiction.