506

Gerald L. ERICKSON, Appellant,

v.

Hershel W. GOBER, Acting Secretary of Veterans Affairs, Appellee.

No. 98–1542.

United States Court of Appeals for Veterans Claims.

Aug. 21, 2000.

Designated For Publication Dec. 4, 2006.

Before HOLDAWAY, IVERS and STEINBERG, Judges.

## ORDER

PER CURIAM:

On May 12, 2000, the Court issued its opinion in the instant appeal. Judgment was entered on June 5, 2000. On July 18, 2000, the Secretary filed an unopposed motion to (1) recall mandate and judgment; (2) withdraw the Court's decision; (3) vacate the Board of Veterans' Appeals (Board or BVA) decision; and (4) dismiss this appeal. The Secretary asserts as a basis for the motion that the appellant died on December 30, 1999, before the Court issued its opinion here. Accompanying the Secretary's motion is a copy of the appellant's certificate of death.

The Court held in *Landicho v. Brown*, 7 Vet.App. 42, 46–49 (1994), that substitution by a party claiming accrued benefits under 38 U.S.C. § 5121(a) is not permissible in this Court where the appellant is a veteran who dies while the denial by the Board of the veteran's claim for disability compensation under chapter 11 of title 38. U.S.Code, is pending here on appeal. *See also Zevalkink v. Brown*, 102 F.3d 1236, 1243–44 (Fed.Cir.1996) (expressly agreeing with this Court's *Landicho* holding). Under such circumstances, the Court held that the appropriate remedy is to vacate the Board decision from which the appeal was taken and to dismiss the appeal. *Landicho*, 7 Vet.App. at 54. This ensures that the Board decision and the underlying regional office (RO) decision(s) will have no preclusive effect in the adjudication of any accrued-benefits claims derived from the veteran's entitlements. It also nullifies the previous merits adjudication by the RO because that decision was subsumed in the Board decision. *See Yoma v. Brown*, 8 Vet.App. 298 (1995) (relying on *Robinette v. Brown*, 8 Vet.App. 69, 80 (1995)); *see also Hudgins v. Brown*, 8 Vet.App. 365, 368 (1995) (per curiam order). Because this appeal has become moot by virtue of

the death of the appellant, the appeal will be dismissed. *See Landicho*, 7 Vet.App. at 53–54.

Upon consideration of the foregoing, it is

ORDERED that the Court's judgment is recalled. It is further

ORDERED that the Court's May 12, 2000, opinion is withdrawn. It is further

ORDERED that the July 30, 1997, BVA decision is VACATED. It is further

ORDERED that this appeal is DISMISSED for lack of jurisdiction.