(3) A claim may not be readjudicated under this subsection unless a request for readjudication is filed by the claimant, or a motion is made by the Secretary, not later than 2 years after the date of the enactment of this Act.

(4) In the absence of a timely request of a claimant under paragraph (3), nothing in this Act shall be construed as establishing a duty on the part of the Secretary of Veterans Affairs to locate and readjudicate a claim described in this subsection.

Approved November 9, 2000.

Harold E. SMITH, Appellant,

v.

Anthony J. PRINCIPI, Secretary of Veterans Affairs, Appellee.

No. 99–1471.

United States Court of Appeals for Veterans Claims.

Feb. 22, 2001.

Before KRAMER, Chief Judge, and IVERS and GREENE, Judges.

**ORDER**

PER CURIAM.

The appellant appealed a July 16, 1999, Board of Veterans' Appeals (Board) decision that denied service connection for residuals of malignant melanoma of the left foot. On December 4, 2000, the Court issued its opinion in the instant appeal. The Court's judgment was entered on December 28, 2000. On January 3, 2001, counsel for the appellant notified the Court of the appellant's death. Counsel has provided a statement indicating that the appellant died on September 28, 2000.

The Court held in *Landicho v. Brown*, 7 Vet.App. 42, 46–49 (1994), that substitution by a party claiming accrued benefits under 38 U.S.C. § 5121(a) is not permissible in this Court where the appellant is a veteran who dies while the denial by the Board of the veteran's claim for disability compensation under chapter 11 of title 38, U.S.Code, is pending here on appeal. *See also Zevalkink v. Brown*, 102 F.3d 1236, 1243–44 (Fed.Cir.1996) (expressly agreeing with this Court's *Landicho* holding). Under such circumstances, the Court held that the appropriate remedy is to vacate the Board decision from which the appeal was taken and to dismiss the appeal. *Landicho*, 7 Vet.App. at 54. This ensures that the Board decision and the underlying regional office (RO) decision(s) will have no preclusive effect in the adjudication of

any accrued-benefits claims derived from the veteran's entitlements. It also nullifies the previous merits adjudication by the RO because that decision was subsumed in the Board decision. *See Yoma v. Brown,* 8 Vet.App. 298 (1995) (per curiam order) (relying on *Robinette v. Brown,* 8 Vet.App. 69, 80 (1995)); *see also Hudgins v. Brown,* 8 Vet.App. 365, 368 (1995) (per curiam order). Because this appeal has become moot by virtue of the death of the appellant, the appeal will be dismissed. *See Landicho,* 7 Vet.App. at 53–54.

Upon consideration of the foregoing, it is

ORDERED that the Court's judgment is recalled. It is further

ORDERED that the Court's December 4, 2000, opinion is withdrawn. It is further

ORDERED that the July 16, 1999, Board decision is VACATED. It is further

ORDERED that this appeal is DISMISSED for lack of jurisdiction.