ORDER
PER CURIAM:
The appellant, Alfred L. Brown, appealed through counsel a February 8, 1996, decision of the Board of Veterans’ Appeals (BVA or Board) that denied a claim of clear and unmistakable error (CUE). On February 20, 1998, the Court issued a single-judge memorandum decision that affirmed the BVA decision. Brown v. West, No. 96-114, 1998 WL 89120, at *1 (Vet.App. Feb.20, 1998). The appellant appealed, and the U.S. Court of Appeals for the Federal Circuit issued an opinion vacating this Court’s judgment and remanding the case for further proceedings. Brown v. West, 203 F.3d 1378 (Fed.Cir.2000). On February 12, 2002, the Court issued an opinion affirming the February 1996 BVA decision. Brown v. Principi, 15 Vet.App. 421, 428 (2002). On March 1, 2002, the appellant filed a motion for reconsideration. On October 15, 2002, the appellant’s counsel filed a notice that the appellant had died on September 11, 2002. The appellant’s counsel requests, in part, that the Court dismiss this appeal for lack of jurisdiction on the ground that the appellant’s death moots the appeal.
An appellant’s disability compensation claims, including claims of CUE, “die[] with him.” Landicho v. Brown, 7 Vet.App. 42, 52 (1994); see Haines v. West, 154 F.3d 1298, 1300-02 (Fed.Cir.1998). This Court held in Landicho that, where the appellant is a veteran who dies while the Board’s denial of such claims is pending here on appeal, the appropriate remedy is to vacate the Board decision from which the appeal was taken and to dismiss the appeal. Landicho, 7 Vet.App. at 53-54; see Zevalkink v. Brown, 102 F.3d 1236, 1243-44 (Fed.Cir.1996) (expressly agreeing with this Court’s Landicho holding).
The vacatur of the BVA decision ensures that the Board decision and the underlying VA regional office (RO) decision(s) will have no preclusive effect in the adjudication of any accrued-benefits claims derived from the veteran’s entitlements. It also nullifies the previous RO merits adjudication because that decision was subsumed in the Board decision. See Yoma v. Brown, 8 Vet.App. 298, 299 (1995) (per curiam order) (relying on Robinette v. Brown, 8 Vet.App. 69, 80 (1995)); see also Hudgins v. Brown, 8 Vet.App. 365, 368 (1995) (per curiam order). Because this appeal has become moot by virtue of the appellant’s death, the Court’s February 1998 memorandum decision and February 2002 opinion will be withdrawn, the Court will issue no opinion in this matter, and the appeal will be dismissed. See Haines, 154 F.3d at 1300-02; Landicho, 7 Vet.App. at 53-54.
Upon consideration of the foregoing, it is
*489 ORDERED that the appellant’s motion for reconsideration is denied as moot. It is further
ORDERED that the Court’s February 20, 1998, memorandum decision and February 12, 2002, opinion are withdrawn. It is further
ORDERED that the February 8, 1996, BVA decision is VACATED. It is further
ORDERED that this appeal is DISMISSED for lack of jurisdiction.