# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 01-2133

Albert E. Long, Appellant,

v.

Anthony J. Principi,
Secretary of Veterans Affairs, Appellee.

Before KRAMER, *Chief Judge*, and IVERS and GREENE, *Judges*.

## O R D E R

The veteran, Albert E. Long, appeals, through counsel, an August 27, 2001, decision of the Board of Veterans' Appeals (Board) that dismissed for lack of jurisdiction his claim for entitlement to priority scheduling for VA medical treatment. The Board determined that the scheduling of medical appointments was a medical determination and thus not a justiciable issue and dismissed Mr. Long's appeal. Record (R.) at 1-8. For the reasons that follow, Mr. Long's appeal will be dismissed.

Mr. Long argues that the Board erred by dismissing his appeal for lack of jurisdiction. He contends that the Board has, and always did have, jurisdiction on the basis that his appeal is not based on a medical decision and that he is entitled to priority in scheduling of medical treatment as a 100% service-connected veteran pursuant to 38 C.F.R. § 17.99 (1998), which stated in pertinent part: "Unless compelling medical reasons indicate otherwise, eligible veterans shall be furnished outpatient medical services on a priority basis in the following order: (a) to any veteran for a service-connected disability; (b) to any veteran with a service-connected disability, rated at 50 percent or more." Appellant's Brief (Br.) at 5; *see also* R. at 70 (Substantive Appeal to Board). Mr. Long states that his medical appointments at the VA Medical Center (VAMC) in Prescott, Arizona, were either cancelled or changed on numerous occasions in 1994 in violation of § 17.99. On November 5, 1999, while Mr. Long's claim was pending before VA, § 17.99 was removed from VA's regulations. *See* 64 Fed. Reg. 54207 (1999). He argues that remand is required for the Board to readjudicate his claim to address his argument in the first instance and for the Board to comply with the notice and assistance provisions of the Veterans Claims Assistance Act of 2000 (VCAA), Pub. L. No. 106-475, 114 Stat. 2096, now codified at 38 U.S.C. §§ 5102, 5103, and 5103A.

The Secretary argues that the scheduling of medical appointments is a medical determination, expressly beyond the scope of the Board's jurisdiction under 38 C.F.R. § 20.101 (2003). Secretary's (Sec.) Br. at 5. He contends that the categories of priority status contained in §17.99 were created for the enrollment of veterans into the healthcare system and not for use in priority scheduling of medical appointments. *Id.*

On October 30, 2002, Mr. Long filed a reply brief contending that the adoption of 38 C.F.R. § 17.49 on September 17, 2002, directly addresses the problem that he has raised. He states that "by resolving [the] appellant's issue through administrative action, the Secretary acknowledges that [the] appellant had not raised a medical question." Reply Br. at 2-3. Section 17.49 provides:

> In scheduling appointments for outpatient medical services and admissions for inpatient hospital care, the Under Secretary for Health shall give priority to: (a) Veterans with service-connected disabilities rated 50 percent or greater based on one or more disabilities or unemployability; and (b) Veterans needing care for a service-connected disability.

38 C.F.R. § 17.49 (2003). Although § 17.49 was adopted three weeks before the Secretary submitted his brief, he did not address this new regulation and instead argued that priority scheduling of medical appointments was a medical decision and thus not within the Board's jurisdiction.

On October 3, 2003, the Court ordered the parties to file supplemental briefs addressing what effect, if any, the enactment of 38 C.F.R. § 17.49 had on Mr. Long's appeal. In response, the Secretary argues that the new regulation enables designated groups of veterans to enjoy priority scheduling and that Mr. Long was not entitled to priority scheduling prior to the regulation's enactment on September 17, 2002. Sec. Supplemental (Suppl.) Br. at 2. He contends that the promulgation of § 17.49 has rendered Mr. Long's appeal moot and dismissal is required because there is now no case or controversy before the Court. *Id.* In response, Mr. Long argues that his claim was not resolved by the adoption of § 17.49. Suppl. Br. at 1-4. He contends that the question raised on appeal is whether the scheduling of medical appointments is a medical decision immune from review by the Board. Mr. Long argues that the new regulation provides no assurance that a subsequent challenge of right to priority treatment based on disability status will not be dismissed by VA as a mere complaint regarding individual medical care, immune from review by the Board and the Court. *Id.* at 2-3. He urges the Court to remand the Board's determination that his claim was based on a medical determination and beyond the Board's jurisdiction.

This Court has adopted the case-or-controversy jurisdictional requirements imposed by Article III of the U.S. Constitution. *See Zevalkink v. Brown*, 102 F.3d 1236, 1243 (Fed. Cir. 1996), *cert. denied*, 521 U.S. 1103 (1997); *Aronson v. Brown*, 7 Vet.App. 153, 155 (1994) (stating that where case becomes moot, Court is divested of jurisdiction to consider it). When the relief sought by an appeal or petition has been accomplished, the appropriate course of action is for the Court to dismiss the matter as moot. *See Rife v. Brown*, 7 Vet.App. 340, 341 (1994) (per curiam order); *Bond v. Derwinski*, 2 Vet.App. 376, 377 (1992) ("When there is no case or controversy, or when a once live case or controversy becomes moot, the Court lacks jurisdiction."). There is an exception to the general rule that the Court is divested of jurisdiction to consider moot matters in cases that are "capable of repetition, yet evading review." *Murphy v. Hunt*, 455 U.S. 478, 482 (1982). In the absence of a class action, two conditions must be satisfied in order to qualify under the "capable of repetition, yet evading review" exception to the

mootness doctrine: "(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again." *See Rife*, 7 Vet.App. at 341 (quoting *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975) (per curiam)). Alternatively, as to the second condition, the petitioner must show "the existence of an immediate governmental action or policy that has adversely affected and continues to affect a present interest." *Super Tire Engineering Co. v. McCorkle*, 416 U.S. 115, 125-26 (1974).

The action that Mr. Long requests, priority scheduling for medical appointments, has been completed by VA with the enactment of § 17.49. Despite that action, Mr. Long contends that the Board has, and always did have, jurisdiction because priority scheduling of medical appointments is not a medical question. Although Mr. Long concedes in his reply brief that his issue has been resolved by administrative action, he contends in his supplemental brief:

> The enactment of 38 C.F.R. § 17.49 provides no assertion, assurance or expectation that a subsequent challenge of right to priority of medical treatment based on disability status of the veteran will not be dismissed as a mere complaint regarding individual medical care, immune from review of the [Board] and the Court. The problem is easy to illustrate. If the Court dismisses the case as moot, any [v]eteran[s'] hospital could, despite the regulation, deny a 100% service[-]connected veteran priority for medical treatment. The aggrieved veteran would not have any legal remedy to rely upon to insist that he has priority. The hospital could still maintain that the issue is an individual medical decision.

Suppl. Br. at 2-3.

Mr. Long's contentions are unclear concerning what, if any, present legal harm he suffers. He has not alleged in any of his three briefs to the Court that he is currently being denied priority status in the scheduling of his medical appointments at the VAMC. Mr. Long's prediction of future denials is merely conjectural and seems to raise no more than a possibility that he will be subjected to the same action again. Mr. Long must show the existence of an immediate governmental action or policy that has adversely affected and continues to affect a present interest. The record on appeal reveals that Mr. Long had numerous medical appointments that were cancelled by the VAMC in 1994. However, there is no evidence in the record and Mr. Long does not assert that he is currently experiencing scheduling problems at a VAMC for his medical care. Accordingly, Mr. Long has not met the criteria for this matter to be considered an exception to the mootness doctrine.

Under 38 C.F.R. § 17.49, Mr. Long is entitled to priority scheduling of medical appointments and there is no longer a present controversy before the Court.

Upon consideration of the foregoing, it is

ORDERED that the appeal is DISMISSED as moot.

3

DATED: April 27, 2004                          PER CURIAM.

KRAMER, *Chief Judge*, concurring: I concur in the dismissal of the appellant's appeal as to the August 27, 2001, Board of Veterans' Appeals (Board) decision. In essence, the appellant, through his 1999 appeal to the Board, requested that the Board provide entitlement to priority scheduling of his medical appointments in accordance with then-extant 38 C.F.R. § 17.99 (1998) partially in light of VA's purported cancellation of several of his scheduled medical appointments in 1994 and 1998. *See* Record (R.) at 24-25 (October 1994 letter from VA Medical Center (VAMC) Director in which she responded to appellant's contention that he was entitled to priority scheduling and she noted VAMC's cancellation of several of his medical appointments that had been scheduled for dates between March and September 1994), 29-30 (May 1998 letter from VAMC Director in which Director addressed appellant's entitlement to priority scheduling ), 34 (December 1998 letter from VAMC that addressed, inter alia, appellant's priority-scheduling concerns), 58 (appellant's September 1999 Substantive Appeal), 65 (appellant's November 1999 Substantive Appeal). Before the Court, the appellant essentially contends that, notwithstanding VA's September 2002 promulgation of 38 C.F.R. § 17.49 (2003), the Board erred by not providing him relief as to his pre-2002 purported entitlement to priority scheduling and that the denial of entitlement to such relief is justiciable because it involves an administrative determination of VA. Appellant's Brief (Br.) at 5-11; Appellant's Reply Br. at 2-4. However, because the appellant does not allege current difficulties with the scheduling of any particular VA medical appointment or that he currently suffers harm as a result of any purported cancellation of scheduled VA medical appointments, the appellant has alleged no harm that this Court could remedy. *See Aronson v. Brown*, 7 Vet.App. 153, 156 (1994) (per curiam order) (because that claimant had received relief as to his underlying claim for service connection, his motion for recusal was moot because there was no longer a harm that the Court could remedy).

Accordingly, even assuming that the Board's jurisdiction extends to the issue of whether the appellant was entitled to priority scheduling of medical appointments, in the absence of evidence suggesting that he suffers any current harm that the Court could remedy, dismissal of his appeal is appropriate. *See Simon v. Eastern Ky. Welfare Rights Org.,* 426 U.S. 26, 38-39 (1976) (appellant who seeks redress in Federal court must demonstrate "actual injury redressable by the court"; "Absent such a showing, exercise of its power by a [F]ederal court would be gratuitous . . . ."); *see also Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 241 (1937) (justiciable controversy "must be a real and substantial controversy *admitting of specific relief through a decree* of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts" (emphasis added)); *Mokal v. Derwinski*, 1 Vet.App. 12, 14-15 (1991). Thus, absent redressible harm, any opinion of this Court constitutes an impermissible advisory opinion. *See, e.g., Waterhouse v. Principi*, 3 Vet.App. 473, 474-76 (1992) (Court will not adjudicate hypothetical claims); *see also Haines v. Gober*, 10 Vet.App. 446, 446-47 (1997) (per curiam order), *aff'd,* 154 F.3d 1298 (Fed. Cir. 1998); *Landicho v. Brown*, 7 Vet.App. 42, 49 (1994).

4