# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 02-352

JOHN D. DESBROW, SR., APPELLANT,

V.

ANTHONY J. PRINCIPI,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

Before STEINBERG, GREENE, and KASOLD, *Judges.*

## O R D E R

The appellant, through counsel, appealed a February 19, 2002, Board of Veterans' Appeals (Board) decision. On May 4, 2004, the Court affirmed the Board's decision. *Desbrow v. Principi*, 18 Vet.App. 30, 33 (2004) (per curiam order). The Court entered judgment on May 26, 2004. On July 20, 2004, the appellant's counsel at that time filed with this Court a motion to substitute a party under Rule 43(a)(2) of this Court's Rules of Practice and Procedure; in his motion, counsel notified the Court of the appellant's death. On September 13, 2004, the appellant's counsel submitted, through another counsel, additional notice to the Court; accompanying the notification is a copy of the appellant's death certificate, which indicates that the appellant died on December 14, 2003, nearly five months before the Court's decision in this case. Counsel requests that the Court vacate the underlying Board decision.

The Court held in *Landicho v. Brown*, 7 Vet.App. 42, 46-49 (1994), that substitution by a party claiming accrued benefits under 38 U.S.C. § 5121(a) is not permissible in this Court where the appellant is a veteran who dies while the denial by the Board of the veteran's claim for disability compensation under chapter 11 of title 38, U.S. Code, is pending here on appeal. *See Zevalkink v. Brown*, 102 F.3d 1236, 1243-44 (Fed. Cir. 1996) (expressly agreeing with this Court's *Landicho* holding). The Court held that, under such circumstances, the appropriate remedy is to vacate the Board decision from which the appeal was taken and to dismiss the appeal. *Landicho*, 7 Vet.App. at 54. This ensures that the Board decision and the underlying regional office (RO) decision(s) will have no preclusive effect in the adjudication of any accrued-benefits claims derived from the veteran's entitlements. It also nullifies the previous merits adjudication by the RO because that decision was subsumed in the Board decision. *See Yoma v. Brown*, 8 Vet.App. 298 (1995) (per curiam order) (relying on *Robinette v. Brown*, 8 Vet.App. 69, 80 (1995)); *see also Hudgins v. Brown*, 8 Vet.App. 365, 368 (1995) (per curiam order). Because this appeal has become moot by virtue of the death of the appellant, the appeal will be dismissed. *See Landicho*, 7 Vet.App. at 53-54.

The Court expresses its concerns that counsel for the appellant did not notify this Court about the death of his client until seven months thereafter and until more than two months had elapsed after

this Court had issued its May 4, 2004, affirmance.  The failure of that counsel to notify this Court in a timely fashion caused the Court to expend unnecessarily much time and effort in the preparation of the order that the instant order is withdrawing.

On consideration of the foregoing, it is

ORDERED that the Court's judgment is recalled.  It is further

ORDERED that the Court's order of May 4, 2004, is withdrawn.  It is further

ORDERED that the February 19, 2002, Board decision is VACATED.   It is further

ORDERED that this appeal is DISMISSED for lack of jurisdiction.

DATED:       November 16, 2004                          PER CURIAM.