**Josefina ERRO, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

No. 94–16.

United States Court of Veterans Appeals.

Jan. 29, 1996.

Josefina Erro, pro se.

Mary Lou Keener, General Counsel; Norman G. Cooper, Assistant General Counsel; David W. Engel, Deputy Assistant General Counsel; and Adam K. Llewellyn, Washington, DC, were on the pleadings for the appellee.

Before NEBEKER, Chief Judge, and KRAMER and STEINBERG, Judges.

NEBEKER, Chief Judge:

In January 1991, Josefina Erro, the appellant and widow of Arcenio Erro, filed for VA benefits based on her deceased husband's military service from December 8, 1941, to April 30, 1946, in the Philippines. Record (R.) at 23. The VA regional office (RO) found that Arcenio Erro had no recognizable military service with the Armed Forces of the United States. R. at 29. Based on the lack of certification of recognizable service from the U.S. Department of the Army, the RO denied her claim. *Ibid.* She appealed that decision to the Board of Veterans' Appeals (Board or BVA) which remanded to the RO to obtain Arcenio Erro's primary claims folder and ascertain whether there was a copy of his death certificate in the claims folder. R. at 47–49. (The claims folder that the BVA referred to exists because of Arcenio Erro's 1953 application for service connection for combat-related blindness in one

eye. *See* R. at 12–15. His claim was denied because he had no recognized military service. R. at 19.) In January 1992, Josefina Erro filed a formal application for dependency and indemnity compensation (DIC) or death pension (R. at 55) and a February 1992 certificate showing that Arcenio Erro had died in March 1962 (R. at 64). Under part III of the application regarding information concerning children, she noted that it did not apply. R. at 56. On remand, the RO, upon request to the U.S. Department of the Army, received a reply that no change in the Department's prior negative service certification was warranted. R. at 68. In a March 9, 1993, Board decision, the Board found that Josefina Erro had no basic eligibility for VA benefits based on the fact that the United States Army Reserve Personnel Center, a public custodian of service department records, did not verify that her husband had recognized service with the Armed Forces of the United States. R. at 4–7.

Josefina Erro appealed that Board decision to this Court on August 9, 1993. (An earlier Notice of Appeal to this Court was not accepted because she had requested reconsideration from the Board, and the Board had not yet decided that request.) On December 12, 1994, this Court received correspondence from Josefina Erro's children, Concepcion, Rosita, and Erlinda Erro, stating that the appellant had died on September 27, 1993, and requesting that they be substituted for the appellant. On May 5, 1995, this Court construed this correspondence as a motion to substitute under Rule 43(a)(2) of the Rules of this Court and ordered the Secretary to file a supplemental memorandum addressing the issue of

> whether a single DIC application under chapter 13 [of title 38 of the U.S.Code] covers future applications by succeeding heirs and whether all or any such applications are also applications for accrued benefits, pursuant to 38 U.S.C. § 5101(b)(1), in the sense that any such future applications would be deemed to have been submitted on the date of the single application, and/or whether the analysis of *Landicho v. Brown*, 7 Vet.App. 42 (1994), applies to ... this case.

The Secretary filed his response on July 25, 1995. Any interested amici curiae were also invited to file a response, but none did so.

In *Landicho*, we held that when a veteran seeking disability benefits died after filing a Notice of Appeal with this Court, we could not merely substitute his heirs as the appellant. *Landicho* held that a veteran's claims for benefits for a service-connected disability contained in chapter 11 of title 38 of the U.S.Code die with the veteran; a veteran's survivors may have a claim for benefits under chapter 13 of title 38, but these claims are different from those of the veteran. *Id.* at 47–48; *see also Zevalkink v. Brown*, 6 Vet.App. 483, 489–90 (1994) (accrued-benefits claim is "different" from disability compensation claim). In support of its holding, the Court in *Landicho* noted that it was not an initial trier of facts and could not resolve issues not addressed by the Board, i.e., whether the appellant qualified as an accrued-benefits claimant under 38 U.S.C. § 5121(a). *Id.* at 48. Thus, such survivors must first bring their claim before the Board; otherwise, this Court has no decision on that claim to review.

 Although Josefina Erro was seeking benefits under chapter 13, "Dependency and Indemnity Compensation for Service–Connected Deaths," of title 38 of the U.S.Code, not the chapter 11, "Compensation for Service–Connected Disability or Death," benefits which were at issue in *Landicho*, the logic of our decision in *Landicho* applies to this situation as well and dictates that we deny Josefina Erro's children's motion to substitute themselves for the appellant. Here, as in *Landicho*, we cannot merely substitute the appellant's children for the appellant because a veteran's children must meet certain criteria to be considered claimants for survivors' benefits. To be considered a claimant to receive benefits under chapter 13, a veteran's child must be under age 18, or have become permanently incapable of self-support before the age of 18, or be between the ages of 18 and 23 and be currently "pursuing a course of instruction at an approved educational institution." 38 U.S.C. § 101(4)(A). Also, the nature of the benefits available to children of a deceased veteran

502

may be different from those for a surviving spouse. *See* 38 C.F.R. § 3.20 (1994).

The Court need not address the issue whether Josefina Erro's children may be substituted as parties in this appeal as to an accrued-benefits claim because, even assuming they could be so substituted, there has been no timely application for such benefits. *See* 38 U.S.C. § 5121(c)(requiring claim to be filed within one year after the death of person entitled to periodic monetary benefits); *see also Landicho,* 7 Vet.App. at 50. There has been no timely accrued-benefits application because the children's December 12, 1994, letter to the Court giving notice of the appellant's September 27, 1993, death was filed more than one year after her death and the appellant's January 1991 DIC application was filed more than 28 years after Arcenio Erro's death (*see* 38 U.S.C. § 5101(b)(1); 38 C.F.R. § 3.1000(c) (1994)).

■ Because the appellant died while the matter was pending before this Court, the Board decision regarding her claim for chapter 13 benefits and the underlying RO decision which was subsumed into the BVA decision were never final. Accordingly, Josefina Erro's children's motion to substitute themselves for the appellant is DENIED and Josefina Erro's appeal is DISMISSED. We VACATE the Board's decision as having become moot by virtue of the appellant's death; the vacatur of that decision, which subsumed the underlying RO decision, seems to render that RO decision of no force and effect. *See Yoma v. Brown,* 8 Vet.App. 298 (1995) (per curiam order).