ORDER
PER CURIAM.
On July 26, 1991, Annie J. Edmonds filed a Notice of Appeal from a March 29, 1991, Board of Veterans’ Appeals (BVA or Board) decision denying recognition of her as the surviving spouse of the deceased veteran, Emmett Edmonds, for purposes of Department of Veterans Affairs (VA) benefits, specifically, dependency and indemnity compensation (DIC) for service-connected death under chapter 13 of title 38 of the U.S.Code or death pension benefits under chapter 15 thereof. The Court was notified on September 6, 1991, of the August 20, 1991, death of Annie Edmonds. In May 1992, Ann Foster-Edmonds, the asserted daughter of Annie Edmonds, requested that the case not be “closed”, and the following month filed a motion for substitution, requesting that she be allowed “to pursue” the case. In a December 1992 order, the Clerk of the Court stayed the case and treated the “daughter” as the appellant in the case by changing the caption of the case to so reflect.
Subsequently, the Court issued orders staying the case pending the Court’s issuance of decisions in Landicho v. Brown, 7 Vet.App. 42 (1994), and Erro v. Brown, 8 Vet.App. 500 (1996). In Landicho, the Court held that it lacked jurisdiction to allow the substitution of a party for a veteran who had died while his or her appeal of a BVA-disallowed claim for disability compensation under chapter 11 of title 38, U.S.Code, was pending here on appeal, and dismissed the appeal because it had become moot by virtue of the death of the veteran appellant. Landicho, 7 Vet.App. at 44, 54. In holding that the Court lacked jurisdiction to adjudicate an accrued-benefits claim (under 38 U.S.C. § 5121) as part of the appeal relating to a compensation claim, the Court discussed the different nature of the two types of claims and reasoned that “the Board has not addressed an accrued-benefits claim by either substituted appellant, and no jurisdiction-conferring NOD has been filed on any such claims under [the Veterans’ Judicial Review Act (VJRA), Pub.L. No. 100-687, § 402, 102 Stat. 4105, 4122 (1988) (found at 38 U.S.C. § 7251 note) ].” Id. at 47. Specifically, the Court noted that the Board decision on appeal had not addressed the question whether the appellant qualified as an accrued-benefits claimant under section 5121(a). Id. at 48.
The Court in Erro, after noting Landi-cho ’s reasoning that the Court is not an initial trier of facts and could not resolve issues not addressed by the Board, held that the asserted children of a widow could not substitute as a party in the appeal of the widow’s pending claim for DIC. The Court in Erro concluded that a veteran’s asserted children must meet certain criteria in order to be considered claimants for survivors’ benefits and that there had been no VA adjudication with respect to their own DIC claim, including claimant status, for the Court to review. Erro, 8 Vet.App. at 501. Because no timely application for accrued benefits had been made in Erro, the. Court expressly did not address the issue whether the asserted children may be substituted as parties in the appeal as to an accrued-benefits claim. See Erro, 8 Vet.App. at 502 (citing requirement in section 5121(c) that accrued-benefits claim be filed within one yeár after death of person entitled to periodic monetary benefits).
The holdings in both Landicho and Erro stem from the basic principle that this Court’s appellate jurisdiction derives exclusively from statutory grants of authority provided by Congress and may not be extended beyond that permitted by law. See Christianson v. Colt Industries Operating Corp., 486 U.S. 800, 818, 108 S.Ct. 2166, 2178-79, 100 L.Ed.2d 811 (1988); see also Prenzler v. Derwinski, 928 F.2d 392, 393-94 (Fed.Cir.1991); Skinner v. Derwinski, 1 Vet.App. 2 (1990). It has been firmly established that this Court has jurisdiction to review only those final BVA benefits decisions prior to which a Notice of Disagreement (NOD) was filed on or after November 18, 1988, as to an underlying decision of a VA regional office (RO) or other agency of original jurisdiction (AOJ). See VJRA; 38 U.S.C. § 7105. Thus, two prerequisites for the Court to have jurisdiction over this appeal are a final BVA *161 decision and an NOD as to the VARO decision leading to that BVA decision.
Ann Foster-Edmonds, who seeks status as the appellant before this Court, has not specifically stated what VA benefits she is seeking, that is, whether she wishes to be substituted for Annie Edmonds in claims for DIC, death pension, and accrued benefits or for some or all of these benefits. If she seeks substitution for a claim other than an accrued-benefits claim based upon the underlying claim of Annie Edmonds, substitution is not allowed and the Court does not have jurisdiction over the underlying appeal. See Erro, supra. To the extent that Ann Foster-Edmonds’ motion to the Court seeks substitution to pursue an accrued-benefits claim derivative from Annie Edmonds’ DIC claim, the Court has not yet issued a decision on that issue. See Erro and Landicho, both supra. The Court now addresses a portion of that question, which was left open in Erro.
In this case, the asserted daughter of Annie Edmonds timely filed an informal accrued-benefits claim when she notified the Court in May 1992 of the death of her mother and her desire “to pursue” the case. See Landicho, 7 Vet.App. at 50 (notification by claimant to Court of appellant’s death constitutes informal claim, under 38 C.F.R. § 3.155(a), for accrued benefits under section 5121(a), (c), because copy of that notification would routinely be transmitted to Secretary by Court); 38 C.F.R. § 3.155(a) (requiring VA mailing of formal application “[u]pon receipt of an informal claim”). However, with respect to the DIC claim of Annie Edmonds, the March 1991 Board decision being appealed here did not make any findings with respect to the merits of her December 1987 claim for DIC or death pension benefits, and determined only that Annie Edmonds did not meet the status requirements to qualify as the surviving spouse of the deceased veteran.
There has been no VA determination in this case as to whether the asserted daughter meets the status requirements as an accrued-benefits claimant under 38 U.S.C. § 5121. See Erro, 8 Vet.App. at 501; Landicho, 7 Vet.App. at 47-48. Because she lacks both a final BVA decision which is adverse to her interests under 38 U.S.C. § 7266(a), and an NOD, on the issue whether she qualifies as an accrued-benefits claimant, the Court does not have jurisdiction over her attempt to continue the appeal of the March 1991 Board decision and, accordingly, she cannot be substituted as a party in this Court. Because there is no VA merits adjudication of the underlying DIC claim and, thereby, of the question of service-connected death, and the current appeal deals only with the status of Annie Edmonds, the Court cannot allow substitution as part of the current appeal. The Court does not reach other issues left open in Erro concerning substitution of an appellant pursuing an accrued-benefits claim derived from a claim for DIC or death pension where the Board has made a determination on the merits of that claim.
The Court notes that Ann Foster-Edmond’s informal claim for accrued benefits is pending at the RO. See Landicho, supra.
On consideration of the foregoing, it is
ORDERED that the case is redesignated so as to reflect the appellant as Annie J. Edmonds. It is further
ORDERED that this appeal (as so redes-ignated) is DISMISSED for lack of jurisdiction.