# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 96-1517

JACK W. MORTON, APPELLANT,

V.

HERSHEL W. GOBER,
ACTING SECRETARY OF VETERANS AFFAIRS, APPELLEE.

On Remand from the U.S. Court of Appeals for the Federal Circuit

Before FARLEY, HOLDAWAY, and GREENE, *Judges*

## ORDER

On July 14, 1999, this Court affirmed the September 6, 1996, decision of the Board of Veterans' Appeals (BVA or Board) which determined that the appellant's claims for service connection for hearing loss, varicose veins, a back disorder other than scoliosis of the thoracolumbar vertebrae, and shortening or lengthening of the right upper extremity were not well grounded. *Morton v. West*, 12 Vet.App. 477 (1999), *en banc review denied*, 12 Vet.App. 205. In doing so, the Court held that pursuant to 38 U.S.C. § 5107, "absent the submission and establishment of a well-grounded claim, the Secretary cannot undertake to assist a veteran in developing the facts pertinent to his or her claim." *Morton*, 12 Vet.App. at 486. The veteran appealed to the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) (*Morton v. Gober*, No. 99-7191). While his appeal was pending with the Federal Circuit, Mr. Morton passed away. Mr. Morton's attorney filed a motion for vacatur and the Secretary, opposing vacatur, filed a motion to dismiss. On August 17, 2000, the Federal Circuit denied the Secretary's motion to dismiss the appeal, denied the motion for vacatur, and remanded the matter to this Court to consider the motion for vacatur. For the reasons that follow, the Court will withdraw its July 14, 1999, opinion, vacate the September 6, 1996, decision of the Board, and dismiss the appeal.

The Federal Circuit held in its remand order that when determining whether a vacatur is appropriate, an appellate court must consider whether any fault could be attributed to the appellant in mooting the appeal and whether it is in the public interest to vacate the judgment. *Morton v. Gober*, No. 99-7191 (Fed. Cir. Aug. 17, 2000) (citing *U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership*, 513 U.S. 36 (1950), and *Valero Terrestrial Corp. v. Paige*, 211 F.3d 112 (4th Cir. 2000)). After noting that there is no question that the appeal was mooted by circumstances beyond the appellant's control, the Federal Circuit noted that, because this Court has entered judgment in numerous cases on the basis of our decision in *Morton* and the Federal Circuit itself has stayed cases pending its disposition of Mr. Morton's appeal, "the question exists whether vacatur serves the public

interest." *Id.* Concluding that "the proper course is to have the Court of Appeals for Veterans Claims determine whether vacatur is appropriate," the Federal Circuit remanded the request for vacatur to this Court. *But cf. Forshey v. Gober*, __F.3d __, No. 99-7064 (Fed. Cir. Sept. 20, 2000). Accordingly, we turn now to the appropriateness of vacatur under the circumstances presented by this appeal.

In *Epps v. Gober*, 126 F.3d 1464 (Fed. Cir. 1997), the Federal Circuit held that the Secretary has no duty to assist a claimant prior to the submission of a well-grounded claim. In *Morton*, this Court resolved the issue of whether the Secretary, although he has no statutory obligation absent a well-grounded claim, may undertake such an obligation. Our answer in *Morton* was: no. That decision was based upon our interpretation of 38 U.S.C. § 5107, and the Federal Circuit appears to be of the same view. *See Nolen v. Gober*, __ F.3d __, __, slip op. at 6, No. 99-7173 (Fed. Cir. 1999) ("Absent a well[-]grounded claim, there is nothing further the [Department of Veterans Affairs] need *or can* do." (emphasis added)).

Moreover, there is more at stake than just the "public interest"; there are the interests of the heirs of Mr. Morton. Consistent with the "strongly and uniquely pro-claimant" character of veterans benefits statutes (*Nolen*, __ F.3d at __, slip op. at 8 (quoting *Hodge v. West*, 155 F.3d 1356, 1362 (Fed. Cir. 1998))), we held in *Landicho v. Brown* that when a veteran dies while an appeal of the denial by the Board of his or her claim for disability compensation is pending, the appropriate remedy is to vacate the Board decision from which the appeal was taken and to dismiss the appeal. 7 Vet.App. 42, 54 (1994); *see also Zevalkink v. Brown*, 102 F.3d 1236, 1243-44 (Fed. Cir. 1996). Such action ensures that the Board decision and the underlying regional office (RO) decision(s) will have no preclusive effect in the adjudication of any future accrued-benefits claims derived from the veteran's entitlements. It also nullifies the previous merits adjudication by the RO because that decision was subsumed in the Board decision. *See Yoma v. Brown*, 8 Vet.App. 298 (1995) (relying on *Robinette v. Brown*, 8 Vet.App. 69, 80 (1995)); *see also Hudgins v. Brown*, 8 Vet.App. 365, 368 (1995) (per curiam order).

For these reasons, we conclude on remand that vacatur is appropriate under these circumstances. Accordingly, it is

ORDERED that the Court's August 5, 1999, judgment is recalled and the Court's July 14, 1999, opinion is withdrawn. It is further

ORDERED that the August 31, 1998, Board decision is VACATED. It is further

ORDERED that this appeal is DISMISSED for lack of jurisdiction.

DATED:      November 6, 2000                                          PER CURIAM.