STEINBERG, Judge,
concurring:
I join fully in Chief Judge Kramer’s excellent opinion. I wish to amplify several points, however.
*291 First, although I agree with the conclusion in part II.A.l. of the Court’s opinion, I wish to add the following analysis regarding the defeasance of the ephemeral amendment to 38 U.S.C. § 5107 made by the Floyd D. Spence National Defense Authorization Act for Fiscal Year 2001, Pub.L. No. 106-398, 114 Stat. 1654, app. § 1611 (Oct. 30, 2000) [hereinafter NDAA § 1611], as a result of the enactment of the coordination provision in the Veterans Benefits and Health Care Improvement Act of 2000, Pub.L. No. 106-419, § 104(c)(2), 114 Stat. 1822, 1828 (Nov. 1, 2000) [hereinafter coordination provision], and the Veterans Claims Assistance Act of 2000, Pub.L. No. 106-475, 114 Stat. 2096 (Nov. 9, 2000) [hereinafter VCAA], all three of which laws were enacted to overturn this Court’s opinion in Morton v. West, 12 Vet.App. 477 (finding certain Department of Veterans Affairs (VA) issu-ances not binding on VA), en banc review denied, 13 VeiApp. 205 (1999) (per curiam order), vacated and remanded sub nom. Morton v. Gober, No. 99-7191, 2000 WL 1229051 (Fed.Cir. Aug. 17, 2000) (table), opinion withdrawn and appeal dismissed, 14 Vet.App. 174 (2000) (per curiam order).
The Court’s reading of the language in the effective-date coordination provision is buttressed by similar legislative action by Congress in 1998 in connection with the enactment of 38 U.S.C. § 1103, relating to claims based upon the effects of tobacco products. Internal Revenue Service Restructuring and Reform Act of 1998, Pub.L. No. 105-206, § 9014, 112 Stat. 685, 865-66 (July 22, 1998). The new section 1103 was made effective prospectively, that is, with respect to claims received by VA after the date of that enactment. Id., 112 Stat. at 866 (subsection (b) of new section 8202). Approximately six weeks earlier, Congress had amended 38 U.S.C. §§ 1110 and 1131, dealing somewhat differently with the same subject matter; those amendments were to be effective with respect to any claim for compensation received by VA at any time (except not in a case in which VA had before that enactment awarded service connection based on use of tobacco products). Transportation Equity Act for the 21st Century, Pub.L. No. 105-178, § 8202, 112 Stat. 107, 492-93 (June 9, 1998). In the later enactment, Congress provided that the “amendments made by [the earlier enactment] shall be treated for all purposes as not having been made”. Pub.L. No. 105-206, § 9014(a), 112 Stat. at 865. That rather straightforward and brief coordinating provision effectively nullified the earlier enactment from its very outset.
In contrast, the situation we confront regarding the competing amendments to 38 U.S.C. § 5107 is far more complicated as a result of the fact that Congress elected to place the nullification language (coordination provision) in a law (Pub.L. No. 106-419) that was enacted between the date of enactment of the provision to be nullified (NDAA § 1611) and an anticipated future date of enactment of the superseding provision (VCAA § 4). In order to achieve exactly the same effect as was achieved in the case of the tobacco-products provisions — nullification of the first enactment from its inception — more complicated nullification legislation had to be crafted because not only were there three separate laws involved but also because the provision regarding the effective date of the nullification of NDAA § 1611 was enacted before the superseding provision itself (in the VCAA) and, hence, before any nullification could actually occur. The extra phrases used in the coordination provision, “as of the enactment” and “shall cease to be in effect”, were necessary because of the nine-day period between the enactment of NDAA § 1611 and the VCAA’s enactment date, no matter that the former was later to be retrospectively nullified by operation of the coordination provision as of the date that the VCAA was enacted. Unlike in the current situation, the tobacco-products nullifying provision was enacted in the same law as the coordinating provision, so there was no time gap and, thus, no provision was nec *292 essary as to “shall cease to be in effect” in order to preclude even the slightest possibility of any residual effect; nor was there any need to provide language to specify operative force “as of’ a specific date. In our situation, any VA adjudicative action taken during the nine days during which NDAA § 1611’s amended version of section 5107 was in effect would, as a theoretical matter, have had to have been taken in the context of section 5107 as it had at that point been amended by NDAA § 1611; however, the phrase “shall cease to have effect” in the coordination provision makes absolutely clear that Congress intended (notwithstanding the absence of any legislative history to that effect) to preclude any remedy after the VCAA’s enactment for any adjudicative failure to have taken into account the nine-day version of section 5107.
Second, I wish to expand somewhat on the Court’s cautionary statement at the end of part II.A.3. of the opinion regarding the need for the VCAA regulations to be reconciled with any currently effective VA issuances. Because the VCAA is potentially applicable to pending claims, VA will be required to determine, under Karnas v. Derwinski, in each case whether any regulations that it issues to implement the VCAA provide a more favorable result to a claimant than would have been provided under the law (including binding VA issu-ances) that existed prior to the VCAA, unless VA can demonstrate clearly that as a general matter the VCAA and its subsequent implementing regulations provide a more favorable result in all instances. Karnas, 1 Vet.App. 308, 313 (1991) (“where the law or regulation changes after a claim has been filed or reopened but before the administrative or judicial appeal process has been concluded, the version most favorable to the appellant should apply unless Congress provided otherwise or permitted the [Secretary] to do otherwise and the Secretary did so”). In this regard, I note (without expressing an opinion as to the merits of) the appellant’s position that substantive rights were created by virtue of two “Fast Letters” (Fast Letter, 00-92 (Dec. 13, 2000); Fast Letter 00-87 (Nov. 17, 2000)) issued, subsequent to the VCAA, by the Director of Compensation and Pension in the VA Veterans Benefits Administration to provide VCAA guidance (and that were not subject to notice or comment, see Fugere v. Derwinski, 1 Vet.App. 103, 106-08 (1990) (discussing applicability of Administrative Procedure Act, 5 U.S.C. § 551 et seq., to VA)). If the appellant is correct, then a VA adjudication made in accordance with those VCAA-implement-ing regulations could provide a less favorable result to a claimant than would have been provided by an adjudication in accordance with such preexisting substantive requirements in the Fast Letters. Such a result is also possible as to VA issuances that predate the VCAA, should a VA adjudication under the implementing regulations provide a result less favorable than would have been provided under those pre-VCAA issuances. See, e.g., McCormick v. Gober, 14 Vet.App. 39 (2000) (holding that VBA Letter 20-99-60 was binding VA issuance although not adopted after notice and opportunity for public comment); Morton, supra (as to withdrawal of opinion); Patton v. West, 12 Vet.App. 272, 277-84 (1999) (holding certain parts of VA Adjudication Procedure Manual, M21-1, were binding on VA); Cohen (Douglas) v. Brown, 10 Vet.App. 128, 139 (1997) (same). In this regard, I note the recognition by the Secretary’s representative at oral argument that pre-VCAA duties should be contained in the VCAA implementing regulations.
Finally, I note that, although the appellant has requested a remand under the VCAA, thereby specifically invoking any rights that he may have under the VCAA, the question of waiver of VCAA rights may arise before VA in the adjudication process there following our remand of the case. Cf. 38 C.F.R. § 20.1304(c) (2000) (expressly permitting claimant to waive remand from BVA to RO for issuance of Supplemental Statement of the Case when *293 additional pertinent evidence is submitted by claimant); Sutton v. Brown, 9 Vet.App. 553, 567-69 (1996).
APPENDIX
Floyd D. Spence National Defense Authorization Act for Fiscal Year 2001, Pub.L. No. 106-398, 114 Stat. 1654, app. § 1611 (Oct. 30, 2000)
Subtitle B — Veterans Claims Assistance
SEC. 1611. CLARIFICATION OF DEPARTMENT OF VETERANS AFFAIRS DUTY TO ASSIST.
(a)IN GENERAL. — Section 5107 of title 38, United States Code, is amended to read as follows:
“§ 5107 Assistance to claimants; benefit of the doubt; burden of proof
“(a) The Secretary shall assist a claimant in developing all facts pertinent to a claim for benefits under this title. Such assistance shall include requesting information as described in section 5106 of this title. The Secretary shall provide a medical examination when such examination may substantiate entitlement to the benefits sought. The Secretary may decide a claim without providing assistance under this subsection when no reasonable possibility exists that such assistance will aid in the establishment of entitlement.
“(b) The Secretary shall consider all evidence and material of record in a case before the Department with respect to benefits under laws administered by the Secretary and shall give the claimant the benefit of the doubt when there is an approximate balance of positive and negative evidence regarding any issue material to the determination of the matter. “(c) Except when otherwise provided by this title or by the Secretary in accordance with the provisions of this title, a person who submits a claim for benefits under a law administered by the Secretary shall have the burden of proof.”.
(b)CLERICAL AMENDMENT. — The table of sections at the beginning of chapter 51 of that title is amended by striking the item relating to section 5017 and inserting the following new item:
“5107 Assistance to claimants; benefit of the doubt; burden of proof.”.
Veterans Benefits and Health Care Improvement Act of 2000, Pub.L. No. 106-419, 114 Stat. 1822 (Nov. 1, 2000)
(c)Coordination Provisions.—
(2) If the Veterans Claims Assistance Act of 2000 is enacted before the provisions of the Floyd D. Spence National Defense Authorization Act for Fiscal Year 2001 are enacted into law, section 1611 of the Floyd D. Spence National Defense Authorization Act for Fiscal Year 2001, including the amendments made by that section, shall not take effect. If the Veterans Claims Assistance Act of 2000 is enacted after the provisions of the Floyd D. Spence National Defense Authorization Act for Fiscal Year 2001 are enacted into law, then as of the enactment of the Veterans Claims Assistance Act of 2000, the amendments made by section 1611 of the Floyd D. Spence National Defense Authorization Act for Fiscal Year 2001 shall be deemed for all purposes not to have taken effect and that section shall cease to be in effect.
Veterans Claims Assistance Act of 2000, Pub.L. No. 106-475, 114 Stat. 2096 (Nov. 9, 2000)
106th Congress — Second Session
An Act
To amend title 38, United States Code, to reaffirm and clarify the duty of the Secretary of Veterans Affairs to assist claimants for benefits under laws administered by the Secretary, and for other purposes.

*294
Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,

SECTION 1. SHORT TITLE.
This Act may be cited as the “Veterans Claims Assistance Act of 2000”.
SEC. 2. CLARIFICATION OF DEFINITION OF “CLAIMANT” FOR PURPOSES OF VETERANS CLAIMS.
Chapter 51 of title 38, United States Code, is amended by inserting before section 5101 the following new section:
“§ 5100. Definition of ‘claimant’
“For purposes of this chapter, the term ‘claimant’ means any individual applying for, or submitting a claim for, any benefit under the laws administered by the Secretary.”.
SEC. 3. ASSISTANCE TO CLAIMANTS.
(a) REAFFIRMATION AND CLARIFICATION OF DUTY TO ASSIST.— Chapter 51 of title 38, United States Code, is further amended by striking sections 5102 and 5103 and inserting the following:
“§ 5102. Application forms furnished upon request; notice to claimants of incomplete applications
“(a) FURNISHING FORMS. — Upon request made by any person claiming or applying for, or expressing an intent to claim or apply for, a benefit under the laws administered by the Secretary, the Secretary shall furnish such person, free of all expense, all instructions and forms necessary to apply for that benefit.
“(b) INCOMPLETE APPLICATIONS. — If a claimant’s application for a benefit under the laws administered by the Secretary is incomplete, the Secretary shall notify the claimant and the claimant’s representative, if any, of the information necessary to complete the application.
“§ 5103. Notice to claimants of required information and evidence
“(a) REQUIRED INFORMATION AND EVIDENCE. — Upon receipt of a complete or substantially complete application, the Secretary shall notify the claimant and the claimant’s representative, if any, of any information, and any medical or lay evidence, not previously provided to the Secretary that is necessary to substantiate the claim. As part of that notice, the Secretary shall indicate which portion of that information and evidence, if any, is to be provided by the claimant and which portion, if any, the Secretary, in accordance with section 5103A of this title and any other applicable provisions of law, will attempt to obtain on behalf of the claimant.
“(b) TIME LIMITATION. — (1) In the case of information or evidence that the claimant is notified under subsection (a) is to be provided by the claimant, if such information or evidence is not received by the Secretary within 1 year from the date of such notification, no benefit may be paid or furnished by reason of the claimant’s application.
“(2) This subsection shall not apply to any application or claim for Government life insurance benefits.
“§ 5103A. Duty to assist claimants
“(a) DUTY TO ASSIST. — (1) The Secretary shall make reasonable efforts to assist a claimant in obtaining evidence necessary to substantiate the claimant’s claim for a benefit under a law administered by the Secretary.
“(2) The Secretary is not required to provide assistance to a claimant under this section if no reasonable possibility exists that such assistance would aid in substantiating the claim.
“(3) The Secretary may defer providing assistance under this section pending the submission by the claimant of essential information missing from the claimant’s application.
*295 “(b) ASSISTANCE IN OBTAINING RECORDS. — (1) As part of the assistance provided under subsection (a), the Secretary shall make reasonable efforts to obtain relevant records (including private records) that the claimant adequately identifies to the Secretary and authorizes the Secretary to obtain.
“(2) Whenever the Secretary, after making such reasonable efforts, is unable to obtain all of the relevant records sought, the Secretary shall notify the claimant that the Secretary is unable to obtain records with respect to the claim. Such a notification shall' — ■
“(A) identify the records the Secretary is unable to obtain;
“(B) briefly explain the efforts that the Secretary made to obtain those records; and
“(C) describe any further action to be taken by the Secretary with respect to the claim.
“(3) Whenever the Secretary attempts to obtain records from a Federal department or agency under this subsection or subsection (c), the efforts to obtain those records shall continue until the records are obtained unless it is reasonably certain that such records do not exist or that further efforts to obtain those records would be futile.
“(c) OBTAINING RECORDS FOR COMPENSATION CLAIMS. — In the case of a claim for disability compensation, the assistance provided by the Secretary under subsection (b) shall include obtaining the following records if relevant to the claim:
“(1) The claimant’s service medical records and, if the claimant has furnished the Secretary information sufficient to locate such records, other relevant records pertaining to the claimant’s active military, naval, or air service that are held or maintained by a governmental entity.
“(2) Records of relevant medical treatment or examination of the claimant at Department health-care facilities or at the expense of the Department, if the claimant furnishes information sufficient to locate those records.
“(3) Any other relevant records held by any Federal department or agency that the claimant adequately identifies and authorizes the Secretary to obtain.
“(d) MEDICAL EXAMINATIONS FOR COMPENSATION CLAIMS. — (1) In the case of a claim for disability compensation, the assistance provided by the Secretary under subsection (a) shall include providing a medical examination or obtaining a medical opinion when such an examination or opinion is necessary to make a decision on the claim.
“(2) The Secretary shall treat an examination or opinion as being necessary to make a decision on a claim for purposes of paragraph (1) if the evidence of record before the Secretary, taking into consideration all information and lay or medical evidence (including statements of the claimant)—
“(A) contains competent evidence that the claimant has a current disability, or persistent or recurrent symptoms of disability; and
“(B) indicates that the disability or symptoms may be associated with the claimant’s active military, naval, or air service; but
“(C) does not contain sufficient medical evidence for the Secretary to make a decision on the claim.
“(e) REGULATIONS. — The Secretary shall prescribe regulations to carry out this section.
“(f) RULE WITH RESPECT TO DISALLOWED CLAIMS. — Nothing in this section shall be construed to require the Secretary to reopen a claim that has been disallowed except when new and material evidence is presented or secured, as described in section 5108 of this title.
*296 “(g) OTHER ASSISTANCE NOT PRECLUDED. — Nothing in this section shall be construed as precluding the Secretary from providing such other assistance under subsection (a) to a claimant in substantiating a claim as the Secretary considers appropriate.”.
(b) REENACTMENT OF RULE FOR CLAIMANT’S LACKING A MAILING ADDRESS. — Chapter 51 of such title is further amended by adding at the end the following new section:
“§ 5126. Benefits not to be denied based on lack of mailing address
“Benefits under laws administered by the Secretary may not be denied a claimant on the basis that the claimant does not have a mailing address.”.
SEC. 4. DECISION ON CLAIM.
Section 5107 of title 38, United States Code, is amended to read as follows:
“§ 5107. Claimant responsibility; benefit of the doubt
“(a) CLAIMANT RESPONSIBILITY. — Except as otherwise provided by law, a claimant has the responsibility to present and support a claim for benefits under laws administered by the Secretary.
“(b) BENEFIT OF THE DOUBT.— The Secretary shall consider all information and lay and medical evidence of record in a case before the Secretary with respect to benefits under laws administered by the Secretary. When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, the Secretary shall give the benefit of the doubt to the claimant.”.
SEC. 5. PROHIBITION OF CHARGES FOR RECORDS FURNISHED BY OTHER FEDERAL DEPARTMENTS AND AGENCIES.
Section 5106 of title 38, United States Code, is amended by adding at the end the following new sentence: “The cost of providing information to the Secretary under this section shall be borne by the department or agency providing the information.”.
SEC. 6. CLERICAL AMENDMENTS.
The table of sections at the beginning of chapter 51 of title 38, United States Code, is amended—
(1) by inserting before the item relating to section 5101 the following new item:
“5100. Definition of ‘claimant’.”;
(2) by striking the items relating to sections 5102 and 5103 and inserting the following:
“5102. Application forms furnished upon request; notice to claimants of incomplete applications.
“5103. Notice to claimants of required information and evidence.
“5103A. Duty to assist claimants.”;
(3) by striking the item relating to section 5107 and inserting the following:
“5107. Claimant responsibility; benefit of the doubt.’;
and
(4) by adding at the end the following new item:
“5126. Benefits not to be denied based on lack of mailing address.”.
SEC. 7. EFFECTIVE DATE.
(a) IN GENERAL. — Except as specifically provided otherwise, the provisions of section 5107 of title 38, United States Code, as amended by section 4 of this Act, apply to any claim—
(1) filed on or after the date of the enactment of this Act; or
(2) filed before the date of the enactment of this Act and not final as of that date.
(b) RULE FOR CLAIMS THE DENIAL OF WHICH BECAME FINAL AFTER THE COURT OF APPEALS FOR VETERANS CLAIMS DECISION IN THE MORTON CASE. — (1) In the case of a claim for benefits denied or dismissed as *297 described in paragraph (2), the Secretary of Veterans Affairs shall; upon the request of the claimant or on the Secretary’s own motion, order the claim readjudicated under chapter 51 of such title, as amended by this Act, as if the denial or dismissal had not been made.
(2) A denial or dismissal described in this paragraph is a denial or dismissal of a claim for a benefit under the laws administered by the Secretary of Veterans Affairs that—
(A) became final during the period beginning on July 14, 1999, and ending on the date of the enactment of this Act; and
(B) was issued by the Secretary of Veterans Affairs or a court because the claim was not well grounded (as that term was used in section 5107(a) of title 38, United States Code, as in effect during that period).
(3) A claim may not be readjudicated under this subsection unless a request for readjudication is filed by the claimant, or a motion is made by the Secretary, not later than 2 years after the date of the enactment of this Act.
(4) In the absence of a timely request of a claimant under paragraph (3), nothing in this Act shall be construed as establishing a duty on the part of the Secretary of Veterans Affairs to locate and readjudieate a claim described in this subsection.
Approved November 9, 2000.