**UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS**

No. 02-2259

BARNEY O. PADGETT, APPELLANT,

V.

R. JAMES NICHOLSON,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

Before GREENE, *Chief Judge*, and IVERS, STEINBERG, KASOLD, and HAGEL, *Judges.*[*]

**O R D E R**

On December 6, 2002, the appellant, through counsel, filed a Notice of Appeal from an August 8, 2002, Board of Veterans' Appeals (Board) decision in which the Board denied his claim for VA disability compensation for service-connected osteoarthritis of the right hip on direct, presumptive, and secondary bases. On April 19, 2005, in a full-Court opinion, the Court reversed the Board's decision with regard to Mr. Padgett's secondary-service-connection right-hip disability claim. In so doing, the Court concluded that "***the only plausible resolution of the key factual issue on the record in this case is that Mr. Padgett's right-hip disability was aggravated by his service-connected left-knee disability***." (emphasis added). The Court went on to set aside the Board decision as to direct and presumptive service connection for the right-hip disability, and remanded the entire matter for further proceedings consistent with its opinion. On April 21, 2005, the appellant's counsel informed the Court of the appellant's death in November 2004. On May 19, 2005, the Secretary filed a motion to recall judgment and dismiss the appeal; that motion was later opposed. On its own accord, the Court, on June 17, 2005, recalled judgment. On July 21, 2005, Mr. Padgett's widow filed a motion for substitution or, in the alternative, intervention.

This Court adheres to the case-or-controversy jurisdictional restraints provided for in Article III of the U.S. Constitution. *See Mokal v. Derwinski*, 1 Vet.App. 12, 13-15 (1990). Consequently, because claims for disability compensation under chapter 11 of title 38, U.S. Code, do not survive a veteran, when a veteran dies while appealing a Board decision to the Court, there no longer remains a case or controversy and the Court must dismiss the appeal. *See Landicho v. Brown*, 7 Vet.App. 42 (1994); *see also Zevalkink v. Brown*, 102 F.3d 1236, 1243-44 (Fed. Cir. 1996) (expressly agreeing with this Court's *Landicho* holding); *Richard v. West*, 161 F.3d 719, 721 (Fed. Cir. 1998). If, after a veteran's death, the Court issues orders in which it enters its judgment on the veteran's appeal and

---

[*] Judges Ivers and Steinberg participated in deciding this matter prior to their retirement. Judges Moorman, Lance, Davis, and Schoelen, all of whom began regular active service on the Court after full-Court deliberations on this matter, did not participate in consideration of the appeal. *See* Court's Internal Operating Procedures at V(b)(1)(C).

acts on an application for EAJA fees and those orders constitute the mandate of the Court, the Court must recall those mandates and revoke those orders. *See Kawad v. West*, 12 Vet.App. 61, 62 (1998) (per curiam order); *Keel v. Brown*, 9 Vet.App. 124, 126 (1996). In addition, the Court must vacate the underlying Board decision to prevent it from acting as a barrier to the success of any claimant seeking accrued benefits. S*ee Yoma v. Brown*, 8 Vet.App. 298, 299 (1995) (per curiam order) (explaining that vacatur of Board decision causes vacatur of underlying regional office decision because latter was subsumed by former). Here, Mr. Padgett died while appealing the August 8, 2002, Board decision to the Court. The Court will therefore vacate that Board decision and dismiss the appeal for lack of jurisdiction.

On consideration of the foregoing, it is

ORDERED that the Secretary's motion to dismiss is granted. The Court's April 19, 2005, opinion is withdrawn. It is further

ORDERED that the August 8, 2002, Board decision is VACATED. It is further

ORDERED that this appeal is DISMISSED for lack of jurisdiction. It is further

ORDERED that the motion for substitution or, in the alternative, intervention is denied as moot.

DATED: September 7, 2005                                          PER CURIAM.

STEINBERG, *Judge*, dissenting: I would deny the Secretary's motion to dismiss and would reenter judgment and issue mandate in due course. I see no good reason to disturb the important precedents established by the Court's April 19, 2005, opinion or to deprive a potential accrued-benefits claimant of the benefit of the Court's reversal of the Board of Veterans' Appeals decision denying an award of service connection – that is, secondary service connection for the veteran's right-hip disability. The vacatur of this Court's opinion and the dismissal of this appeal may adversely affect Mrs. Padgett, who has submitted to the Department of Veterans Affairs (VA) under 38 U.S.C. § 5121(a) an accrued-benefits claim. Based on this Court's reversal, Mrs. Padgett, if qualified as an accrued-benefits claimant, would be entitled to accrued benefits because the merits of her claim would necessarily have been decided by this Court's full-Court decision to award service connection. *See Browder v. Brown*, 5 Vet.App. 268, 270-71 (1993) (citing *City of Cleveland v. Federal Power Commission*, 561 F.2d 344, 346 (D.C. Cir. 1977) (noting that, under law-of-the-case doctrine, administrative agency "is without power" to act in manner inconsistent with mandate of reviewing appellate court's decision in the case)). Based on the action being taken by the Court in vacating that reversal, Mrs. Padgett will now be required to have VA review the merits of her claim starting at the regional-office level.

As the author of both *Landicho v. Brown*, 7 Vet.App. 42 (1994), and *Zevalkink v. Brown*, 6 Vet.App. 483 (1994) (en banc), *aff'd*, 102 F.3d 1236 (Fed. Cir. 1996), I believe it is time to reconsider this Court's opinions in those cases in light of the circumstances of this case and in light of the Federal Circuit's suggestion in affirming *Zevalkink* that this Court "could perhaps remand [to VA] the question

2

of whether [the veteran's widow] qualifies as an accrued[-]benefits claimant". *Zevalkink*, 102 F.3d at 1244.

KASOLD, *Judge*, dissenting: For over 12 years, World War II veteran Barney O. Padgett pursued his claim for service-connected disability compensation for his right-hip disability. His claim was repeatedly rejected by the Secretary on the basis that his disability was not service connected. The Court, on July 9, 2004, initially affirmed the Board's finding on this matter, but subsequently, sitting en banc, withdrew its previous opinion and reversed the Board's finding.

Subsequent to issuing the Court's en banc opinion, counsel for Mr. Padgett learned that his client had died several months earlier, and he so informed the Court. The Secretary moved to have the en banc opinion withdrawn. Mr. Padgett's surviving widow, Sue Padgett, opposed this action and sought, inter alia, permission to be substituted for her deceased husband.

Succinctly stated, Mrs. Padgett opposes withdrawal of the Court's en banc opinion and seeks substitution because her claim for accrued benefits is directly derivative of her husband's claim. She is entitled to any accrued benefits arising from her husband's right-hip disability if, and only if, that disability is found to be service connected. Withdrawal of the Court's en banc opinion and vacatur of the Board decision will require Mrs. Padgett to undertake the time-consuming burden of trying to establish that her husband's right-hip disability was service connected, and do so before the very agency that repeatedly, for over 12 years, denied that his disability was service connected.

My concerns with the Court's action today are fivefold. First, the Court's order perfunctorily dismisses the appeal of Mr. Padgett for lack of jurisdiction and declares Mrs. Padgett's request for substitution to be moot, without any discussion of the basis for her request. Mrs. Padgett notes that the opinion being withdrawn today is the first one involving an en banc opinion of the Court that has reversed a Board decision below. She further notes that the law with regard to accrued benefits has changed and no longer limits survivors to two years' worth of accrued benefits, *see* Pub. L. 108-183, § 104(a) & (d), 117 Stat. 2651, 2656 (eliminating two-year ceiling on payment of accrued benefits where, as here, the veteran died on or after December 16, 2003), thus calling into question the concerns raised by the U.S. Court of Appeals for the Federal Circuit that a successful accrued-benefits beneficiary might be awarded a higher amount of benefits if substituted for the veteran rather than proceeding with a separate claim for accrued benefits. *See Richard v. West*, 161 F.3d 719, 722-23 (Fed. Cir. 1998) (citing 38 U.S.C. § 5121 (West. Supp. 1998) (limiting survivors to a maximum of two years of the veteran's due but unpaid benefits)).

Counsel for Mrs. Padgett further notes that a reversal of the Board decision avoids the preclusive effect of a negative Board decision, a factor underpinning many of the Court's previous decisions and, indeed, the order issued today. Counsel also notes that the U.S. Supreme Court has held that "[j]udicial precedents are presumptively correct and valuable to the legal community as a whole. They are not merely the property of private litigants and should stand unless a court concludes that the public interest would be served by a vacatur." *U.S. Bancorp Mortgage Co. v. Bonner Mall P'ship*, 513 U.S. 18, 26 (1994) ((citation omitted)); *see also Morton v. Gober*, 14 Vet.App. 174, 175 (2000) (citing public interest as a factor when considering whether to vacate

a judgment). And, counsel notes that the Court was established under Article I of the U.S. Constitution and is only bound by the case-or-controversy requirement as a prudential matter and not as a constitutional jurisdictional matter.[1] *See Mokal v. Derwinski*, 1 Vet. App. 12, 15 (1990). I believe these arguments deserve more than a perfunctory dismissal.

A second concern with today's order is that the majority's reliance on *Landicho v. Brown*, 7 Vet.App. 42 (1994), for the proposition that "claims for disability compensation under chapter 11 of title 38, U.S. Code, do not survive a veteran," is too broadly stated. The Federal Circuit, in cases rendered subsequent to *Landicho*, has stated that "after a veteran's death, the claim is no longer one for disability compensation but rather one for accrued benefits," *see Zevalkink v. Brown*, 102 F.3d 1236, 1244 (Fed. Cir. 1996), and that the "accrued benefits provision thus creates a narrowly limited exception to the general rule that a veteran's claim for benefits does not survive the veteran," *see Haines v. West*, 154 F.3d 1298, 1300 (Fed. Cir. 1998) (citing *Zevalkink*, *supra*). Moreover, the Federal Circuit specifically noted the possibility that our Court could remand the matter for certification of a party seeking substitution as an accrued-benefits beneficiary under statute. *See Zevalkink*, 102 F.3d at 1244; *see also* 38 U.S.C. § 5121(a) (authorizing payment to certain individuals, including a veteran's spouse, of benefits that are "due and unpaid" at the time of the veteran's death); 38 C.F.R. § 3.1000(a) (2004) (same).

A third concern, closely related to my second concern, is the fact that the Court has never addressed the Federal Circuit's recognition of an accrued-benefits claim as an exception to the rule that a veteran's claim dies with him, *see Haines*, *supra*, or the possibility of the Court establishing a procedure permitting substitution of a party once that person has been certified as a statutory accrued-benefits beneficiary, *see Zevalkink*, *supra*. Before withdrawing an en banc opinion reversing a Board decision, and thereby placing into question a beneficiary's right to accrued benefits, we should address the decisions of the Federal Circuit suggesting such action is not mandatory.

My fourth concern is that today's order is presented as an order of the Court sitting en banc, and is therefore appropriate in its action withdrawing the en banc opinion rendered in the underlying merits case. However, the underlying merits case was submitted for decision before the appointment

---

[1] I separately note that the Court issued the underlying merits case in the normal course of its business, without knowledge of Mr. Padgett's November 2004 death, which occurred subsequent to the September 14, 2004, submission of the matter for decision to the en banc Court and in the absence of any indication that either of the parties withheld knowledge of the death of Mr. Padgett. In a similar situation, the U.S. Supreme Court found it appropriate to issue its opinion, nunc pro tunc, to pre-date the death of the interested party and retain the decision. *See Harris v. Commissioner*, 340 U.S. 106, 112-13 (1950) (reversing court of appeals judgment regarding property-settlement agreement's effect on gift-tax liability of petitioner and, because petitioner had died since case was submitted to Supreme Court, entering judgment on date of her death "in pursuance of the practice obtaining in those circumstances" and citing for that practice *Mitchell v. Overman*, 103 U.S. 62, 64-65, 13 Otto 62, 64-65 (1880) (allowing state court opinion to stand even though party had died four years before it was issued, when case had been submitted to state court for decision before appellant's death and laches of parties did not enter into timing of decision)); *see also Morton v. Gober*, 14 Vet.App. 174, 174-75 (2000) (citing fault, or lack thereof, attributable to an appellant as a factor when considering whether to vacate a judgment).

of four judges currently sitting and therefore, pursuant to section V(b)(1)(C) of the Court's Internal Operating Procedures (IOP), the appeal remained before the en banc panel of five judges to which the matter had been presented. In contrast, the request of the Secretary to have that en banc opinion withdrawn is an issue presented to the Court when nine judges were sitting, rendering questionable the applicability of IOP V(b)(1)(C) and the designation of today's order as an en banc order. This, in turn, renders questionable the appropriateness of a non-en banc panel of five judges withdrawing an opinion of a properly designated en banc panel of five judges.

My fifth concern, which is related to my fourth concern and the propriety of less-than-en banc panel withdrawing an en banc opinion, is that the order issued today is being issued many days after two of the panel members have retired from the Court, and its issuance cannot be considered a merely ministerial matter. Their retirement came before either Judge had the opportunity to review all of the filings in this matter.[2] The retirements also came before the writing period had passed, necessarily precluding the Judges' participation in the discussions undertaken during the writing process or their consideration of any separate opinions filed in this matter.[3] Although I do not dispute the representation of the positions of the two retired Judges as of the date they retired, I do question the Court's reliance on those positions to issue an order, under the circumstances noted above, to withdraw an en banc opinion.

For the foregoing reasons, I would submit Mrs. Padgett's request for substitution to the full-Court, address her arguments, and consider her request for substitution in light of the Federal Circuit cases noted above. Accordingly, I respectfully dissent.

---

[2] On August 4, 2005, the Court accepted for filing, pursuant to Rule 27(b) of the Court's Rules of Practice and Procedure, the Secretary's timely opposition to Mrs. Padgett's motion for substitution. The opposition was forwarded for consideration by the original five-judge en banc panel on August 8, after Chief Judge Ivers and his successor Chief Judge Steinberg had retired.

[3] I note the contrast between a newly appointed judge stating a position in a matter prior to and upon issuance of a decision and a Judge who states a position but then retires before issuance of the decision. A newly appointed Judge has the opportunity to review all pleadings, consider all separate opinions and discussion during the writing process, change his or her mind as the process proceeds, and review his or her position up to issuance of the decision. As noted in the text, a Judge who retires before a decision is issued, particularly when retirement occurs before all pleadings ultimately filed in the case have been filed and when such retirement occurs during the writing period and many days before issuance of a decision, never has the opportunity to review all the pleadings filed in the matter and never has the opportunity to consider any separate opinions or discussion that ensues after retirement.