# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 01-1138

CELERINA PELEA, APPELLANT,

V.

R. JAMES NICHOLSON,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

Before KASOLD, HAGEL, and MOORMAN, *Judges.*

## O R D E R

On August 5, 2005, the Court issued its opinion in the instant appeal of a May 2, 2001, decision of the Board of Veterans' Appeals (Board). *See Pelea v. Nicholson*, 19 Vet.App. 296 (2005). On August 29, 2005, the Court entered its judgment. Pursuant to Rule 41(a) of the Court's Rules of Practice and Procedure, mandate was due to issue 60 days from that date. *See* U.S. VET. APP. R. 41(a).

On October 24, 2005, the appellant's counsel notified the Court of the appellant's death. Counsel indicated that the appellant had died on September 6, 2005. Thus, the appellant died after judgment was entered but before mandate issued.

Meanwhile, the Secretary had appealed this Court's August 2005 decision to the U.S. Court of Appeals for the Federal Circuit (Federal Circuit), which granted a joint motion of the parties and dismissed that appeal in a December 1, 2005, order, which was also issued as the Federal Circuit's mandate.[1] On December 5, 2005, the Secretary filed with this Court a motion to recall judgment and to dismiss the instant appeal. On February 10, 2006, the appellant's counsel filed a response in opposition to the Secretary's motion to dismiss and a motion for substitution of party. The appellant's counsel argues that this case does not involve a veteran-appellant but rather, a widow-appellant seeking dependency and indemnity compensation (DIC). Counsel further argues that the cases relied upon by the Secretary in his motion to dismiss are not directly on point, and thus, do not dictate that this appeal be dismissed.

---

[1] By operation of law, this Court's August 2005 decision became final on December 1, 2005. *See* Fed. Cir. R. 41(a) ("An order dismissing a case on consent . . . will constitute the mandate."); *see also* 38 U.S.C. § 7291 (a)(1) (providing that when a decision of this Court is appealed to and affirmed or dismissed by the Federal Circuit, this Court's decision becomes final "upon the expiration of the time allowed for filing a petition for certiorari with the Supreme Court of the United States"). Although the issuance of mandate with respect to our August 2005 judgment is not reflected on our docket, the issuance of mandate is merely a ministerial act reflecting that the Court's judgment has become final. *See* U.S. VET. APP. R. 41(a). That being the case, and in order to resolve any doubt regarding the finality of our August 2005 decision, we will direct that the Clerk of the Court enter mandate on our docket as of December 1, 2005.

The Court held in *Landicho v. Brown*, 7 Vet.App. 42, 54 (1994), that when a veteran dies while an appeal of the denial by the Board of his or her claim for disability compensation under chapter 11 of title 38, U.S. Code, is pending, the appropriate remedy is to vacate the Board decision from which the appeal was taken and to dismiss the appeal. *See also Zevalkink v. Brown*, 102 F.3d 1236, 1243-44 (Fed. Cir. 1996) (expressly agreeing with this Court's *Landicho* holding); *Morton v. Gober*, 14 Vet.App. 174 (2000) (per curiam order). Where the appellant's death occurs after issuance of judgment and prior to this Court's decision becoming final, as occurred here, the case is pending at the time of the death, and the appeal must be dismissed. *See Serra v. Nicholson,* 19 Vet.App. 268, 274 (2005).

In addition, in *Erro v. Brown*, 8 Vet.App. 500, 501-02 (1996), the Court held that the logic of the *Landicho* opinion applies with equal force to cases, as here, where the appellant is seeking DIC benefits under chapter 13 of title 38, U.S. Code. And, the Court in *McNaron v. West*, 10 Vet.App. 61, 63 (1997), recognized that the death of a petitioner prior to the issuance of mandate is an exceptional circumstance warranting that mandate be recalled. Indeed, the longstanding precedent of this Court is to recall judgment and mandate when an appellant/petitioner dies before the judgment has become final. *See, e.g., Padgett v. Nicholson*, 19 Vet.App. 334 (2005) (en banc) (per curiam); *see also Landicho*, 7 Vet.App. at 53-54. We see no reason to embark upon a departure. As a consequence, the appeal will be dismissed.

Upon consideration of the foregoing, it is

ORDERED that the appellant's motion for substitution of party is denied. It is further

ORDERED that, with respect to the Court's August 29, 2005, judgment, the Clerk of the Court enter mandate on the Court's docket as of December 1, 2005. It is further

ORDERED that the Court's August 5, 2005, opinion is withdrawn and that judgment and mandate are recalled with respect to that opinion . It is further

ORDERED that the May 2, 2001, Board decision is VACATED with respect to the matters appealed to the Court. It is further

ORDERED that this appeal is DISMISSED for lack of jurisdiction.

DATED:     June 5, 2006                    PER CURIAM.

KASOLD, *Judge*, dissenting: Once judgment becomes final, as it has here, a judicial opinion should be recalled "***only*** for good cause or to prevent injustice, ***and only*** when unusual circumstances exist sufficient to justify modification or recall of a prior judgment." *McNaron v. West*, 10 Vet.App. 61, 63 (1997) (internal quotations omitted and emphasis added); *see also Greater Boston Television Corp. v. FCC*, 463 F.2d 268, 277 (D.C. Cir. 1971) ("The 'good cause' requisite for recall of mandate is the showing of need to avoid injustice."). Although the majority is correct that *McNaron* states that the death of an appellant prior to the entry of mandate is such an exceptional

circumstance, this is only part of the analysis.[2]  Withdrawal of mandate requires not only an exceptional circumstance, but it is to be undertaken only to prevent injustice or for other good cause, and the majority does not undertake this analysis.  What is the good cause in this case or the injustice to be prevented?  The underlying Board decision was vacated in the decision being withdrawn today, so the withdrawal action being taken, which includes another vacatur of the underlying Board decision, has the sole practical effect of withdrawing this case as precedent.  But why do so?

"Judicial precedents are presumptively correct and valuable to the legal community as a whole.  They are not merely the property of private litigants and should stand unless a court concludes that the **public interest** would be served by a vacatur."  *U.S. Bancorp Mortgage Co. v. Bonner Mall P'ship*, 513 U.S. 18, 26 (1994) (citation omitted) (emphasis added); *see also Morton v. Gober*, 14 Vet.App. 174, 175 (2000) (citing public interest as a factor when considering whether to vacate a judgment).  In the underlying precedential opinion, which is withdrawn today, the Court discussed the interplay of statute and regulation concerning the Secretary's duty to notify claimants seeking benefits derived from service in the Philippine forces supporting the United States in World War II.  Significantly, it established the need to notify such claimants how they might establish veteran status for VA benefits purposes. It now has been cited and relied upon in numerous cases. The public interest is not served by its withdrawal.  It should be allowed to stand.

Moreover, procedurally, the Secretary's litigation stance counsels against recalling mandate and withdrawing the Court's opinion.  The Court issued its opinion on August 5, 2005, and judgment was entered in due course on August 29.  Thereafter, on September 6, Mrs. Pelea died, and her counsel so notified the Court and the Secretary of such on October 24.  Four days after being notified, the Secretary nonetheless appealed to the Federal Circuit, and thereby divested the Court of jurisdiction.  Although the Court lacked jurisdiction, on November 28 the Court received the Secretary's motion to recall judgment and dismiss the appeal. On December 1, the Federal Circuit granted the parties' joint motion to dismiss the Secretary's appeal to that court, and the mandate of the Federal Circuit and of this Court was entered that same day.

For reasons known only to the parties, they agreed to have the matter dismissed without further action.  The case was not remanded by the Federal Circuit with some direction to this Court. It was not dismissed for lack of jurisdiction.  The Secretary did not seek to have this case vacated by the Federal Circuit, and that court did not do so.  Having foregone additional relief while this

---

[2]  Although *McNaron* notes that the Court has found death to be an exceptional circumstance for considering withdrawal of mandate, it relies upon *Keel v. Brown*, 9 Vet.App. 124 (1996) [hereinafter *Keel II*] (explaining circumstances surrounding disposition of *Keel v. Brown*, 8 Vet.App. 84 (1996) [hereinafter *Keel I*]), for that proposition. However, neither *Keel I* nor *Keel II* discuss any exceptional circumstances or the considerations to be made when recalling mandate.  In effect, *McNaron* provides a post hoc justification for the action taken in *Keel I*, with neither case undertaking the analysis required before mandate should be withdrawn based on the death of an appellant.  The other cases upon which the majority relies – *Zevalkink v. Brown*, 102 F.3d 1236 (Fed. Cir. 1996), *Padgett v. Nicholson*, 19 Vet.App. 334 (2005), *Morton v. Gober*, 14 Vet.App. 174 (2000), *Erro v. Brown*, 8 Vet.App. 500 (1996), and *Landicho v. Brown*, 7 Vet.App. 42 (1994) – are inapposite in that none of these cases involve the withdrawal of an opinion of the Court after entry of mandate.

matter was on appeal, we should not now grant what could have been sought at the time the case was dismissed by the Federal Circuit. *See United States v. Munsingwear*, 340 U.S. 36, 41 (1950) (rejecting request of United States to vacate a lower-court decision when United States "slept on its rights" and did not seek such relief when the matter was dismissed upon joint motion by U.S. Court of Appeals).

The recent decision in *Serra v. Nicholson*, 19 Vet.App. 268 (2005), wherein the Court withdrew mandate, is instructive in the sense that the Court considered the litigation status of the parties and the fact that the Secretary in that case was unaware at the time he filed an appeal with the Federal Circuit that the appellant had died. It also noted that counsel for the appellant deferred notifying the Secretary of his client's death for up to 11 months and that it appeared counsel had waited until mandate issued for purposes of furthering an application for attorneys fees and expenses. *Id*. at 274-75. The case at bar has no such facts. Withdrawal of the Court's decision is not in the public interest, it is not necessary to prevent injustice, and there is otherwise no good basis for doing so. *See McNaron*, *supra*.

Accordingly, I respectfully dissent.